9919

VERMILLION v. WOMAN'S COLLEGE OF DUE WEST.

(97 S. E. 619.)

1. APPEAL AND ERROR — FORMER APPEAL — QUESTION CONCLUDED.—In action against a woman's college for a death caused by collapse of a balcony, question raised on second appeal, as to whether the college was a public charity within the rule exempting such charities from liability for tort, *held res adjudicata,* in view of the original opinion.

2. APPEAL AND ERROR—REMAND FOR NEW TRIAL—DIRECTION OF VERDICT.—Where an action for death was remanded for new trial to allow plaintiff to show that defendant was not within the reason of the rule exempting charities from liability for tort, and there was no such testimony, the trial Judge could only direct verdict for defendant.

Before PEURIFOY, J., Abbeville, Spring term, 1917. Affirmed.

Action by J. W. Vermillion, as administrator of the estate of W. F. Vermillion, deceased, against the Woman's College of Due West, S. C. From judgment for defendant, plaintiff appeals.

*Messrs. Cothran, Dean & Cothran* and *Graydon & Graydon,* for appellants. *Messrs. Cothran, Dean & Cothran* submit: *It is a primary duty resting upon the owner of the property who, for a consideration, invites another upon the premises to see that they are reasonably safe:* Cooley on Torts 604; 102 U. S. 577. *The owner is liable for the negligence of his servant:* 18 S. C. 282; 46 L. R. A. (N. S.) 548; 31 L. R. A. 224, 479; 99 S. C. 333; 100 S. C. 32; 84 S. C. 399; 96 S. C. 385. *As to the charge in reference to the Court for malicious mischief:* 91 S. C. 201.

*Messrs. Grier, Park & Nicholson* and *Wm. P. Greene,* for respondent, submit: *The questions presented were passed upon in the former appeal. The judgment of the Court then was that a charitable corporation is exempt from liability for the torts of the corporation itself, its superior*

*officers and agents, as well as for those of its servants and employees:* 104 S. C. 197 (88 S. E. 649). *Such decision became the law of this case and cannot now be reviewed:* 65 S. C. 419; 92 S. C. 354; 12 S..C. 422; 98 S. C. 25; 81 S. E. 512.

March 9, 1918.

The opinion of the Court was delivered by Mr. Justice Fraser.

The appellant in his argument states:

"This is an action instituted in the Court of Common Pleas for Abbeville county on the 1st day of August, 1914, for $15,000 damages, on account of alleged negligent and reckless acts of the defendant in causing the death of W. F. Vermillion, who was injured by the fall of a balcony in the defendant's auditorium at Due West, S. C., on April 17, 1914, and died on June 15, 1914, as a result thereof.

"The case was first tried before Judge Sease at Abbeville in October, 1914, who ordered a nonsuit. On appeal from this order the Supreme Court reversed the order of nonsuit and remanded the case for a new trial. 104 S. C. 197 (88 S. E. 649).

"The Supreme Court, upon the appeal just referred to, declares in the broadest possible terms that, for reasons of public policy, public charities are exempt from liability for the torts of the corporation, for the torts of its superior officers and agents, and for the torts of its servants or employees whether they be selected with or without due care.

"The case again came on for trial at Abbeville before Judge Peurifoy, March term, 1917. At the conclusion of the testimony the defendant moved for a directed verdict in its favor, upon the grounds stated; the plaintiff opposing it upon the grounds stated. The presiding Judge granted the defendant's motion, whereupon by direction of the Court the jury rendered a verdict in favor of the defendant.

"Points and Authorities: If it were not for the fact that a constitutional question was raised upon the last trial and not upon the first, and for the necessity that the Court pass upon that question by a final judgment, so that it may be reviewed by the Supreme Court of the United States, we would not attempt to reopen the argument.   It may be that the plaintiff's side of this constitutional question shall be placed before the Court so clearly that they will be obliged to modify the sweeping declaration of exemption contained in the former opinion; maybe not.   Or it may be that, convinced of the correctness of the plaintiff's position, the Court shall feel that its hands are tied by the principle of *res adjudicata* or by the principle of the law of the case. If so, may we hope to have a declaration to that effect?"

The questions raised are *res adjudicata*.   On the former appeal this Court said: "A nonsuit may be granted when plaintiff's evidence establishes a defense to the action; but in that case the evidence in support of the defense must be open to no other reasonable inference than the truth of the essential elements of fact constituting the defense.

"It cannot be said that the objection is purely technical, because, the plaintiff having made out a *prima facie* case, the defendant's immunity rests upon proof of facts sufficient to bring it within the exception to the rule.   For these reasons the nonsuit must be set aside, and the case remanded for a new trial, if the plaintiff be advised that defendant is not, in fact, within the reason of the rule established in *Lindler v. Hospital,* 98 S. C. 25, 81 S. E. 512, upon the authority of which the nonsuit was granted."

The "case" shows:

"The defendant offered testimony tending to establish the allegations of its answer, and testimony tending to show that the building in question was designed by competent and reputable architects of wide experience in matters of this kind, selected after careful inquiry into their fitness and

qualifications, and that the building was constructed by independent contractors in every respect according to the plans and specifications of the architects, and was regularly inspected from time to time as the work progressed by the architect; and that the change in the balcony was made on plans drawn by the architect. The defendant also offered testimony from several witnesses showing that the defendant, the Woman's College of Due West, S. C., was a corporation as alleged in the answer; being adjunct corporation to the Associate Reformed Presbyterian Church, conducted in the interest of Christian education, without profit or gain to any person or corporation, and that it was and is open to the public, and no testimony controverting this was offered.

"Defendant also offered testimony going to show that the Memorial Hall, the building in question, had been erected for the purposes of the college, partly by donation from the Associate Reformed· Presbyterian Church, partly by subscription gotten from and through the alumnæ of the college, and partly from donations by private parties, and that a small balance was still due upon the building; that it was common, as a part of the college work, for the students in the different departments, especially in the music department of the college, to give entertainments which were for the improvement of these pupils in their work, and that at some of these entertainments a small admission charge was made, and at others none, all of which went into the college treasury to be used for college purposes, after the payment of incidental expenses, etc.; that the admission charges at the entertainment in question were not for the benefit, gain, or profit of any individual or corporation, but the same were intended to cover only incidental expenses, the balance, if any, going into the treasury of the institution to be expended in helping pay the balance due on the building debt, which was a part of the college plant. There was no testimoney to the contrary."

The case was sent back for a new trial in order to allow the plaintiff to show that "the defendant is not, in fact, within the reason of the rule established in *Lindler v. Hospital,* 98 S. C. 25 (81 S. E. 512)." There was no such testimony, and there was nothing for the trial Judge to do except to direct a verdict for the defendant.

The judgment is affirmed.