## 10274

### STATE v. COLUMBIA RY., GAS AND ELECTRIC CO.

#### (100 S. E. 355.)

1. REMOVAL OF CAUSES—ACTION UNDER STATUTE DEFENDED ON GROUND OF REPUGNANCY TO CONSTITUTION OF UNITED STATES NOT REMOVABLE. —State's action to obtain judgment of forfeiture of defendant's rights in a canal because of noncompliance with conditions subsequent of grant conveying rights, defended on ground that the statute authorizing action was in impairment of contract rights, was properly brought in State Court, and application for removal to United States District Court was properly refused.

2. REMOVAL OF CAUSES—DUTY OF STATE COURT AFTER REMAND TO PROCEED WITH CASE.—Where ineffectual attempt was made to remove action from State to Federal Court, it was duty of State Court, after Federal Court had remanded case, to proceed as if no removal had been attempted.

3. STATUTES—COURTS CAN ONLY GIVE EFFECT TO INTENTION EXPRESSED. —Courts lean against a construction which creates a condition subsequent, because forfeiture often results in unconscionable hardships; but they have no power, by construction, to make or modify contracts or statutes, their power being limited to discovery of and giving effect to intention expressed.

4. STATUTES—FORFEITURE WILL BE ENFORCED EXCEPT WHERE COURT HAS POWER TO RELIEVE AGAINST IT.—Where it is clear that forfeiture has been provided for, it is Court's duty to enforce it, except where Court has power to relieve against it and the circumstances call for the exercise of that power.

5. STATUTES—IN CONSTRUCTION THAT WHICH IS CLEARLY IMPLIED IS AS BINDING AS IF EXPRESSED.—The purpose of construction is to find out the intention, however it may be expressed, whether in apt and technical words or otherwise, and that which is clearly implied is as good as if expressed.

6. STATUTES—NO PARTICULAR WORDS NECESSARY TO CREATE CONDITION SUBSEQUENT.—No particular phraseology and no technical words are necessary to create a condition subsequent, and that which is expressed as a condition may be held to be only a limitation or restriction, and *vice versa*, if it clearly appears that such was the intention.

7. STATUTES—PROVISION FOR RE-ENTRY NOT NECESSARY TO CREATION OF CONDITION SUBSEQUENT.—Provision for reverter or re-entry for breach of condition subsequent is not necessary to creation of condition subsequent, since reverter and re-entry are but remedies which follow the breach as legal consequences.

8. STATUTES—LEGISLATIVE INTENT MUST BE GATHERED FROM STATUTES AS A WHOLE.—The legislative intention must be gathered from the language of the statute as a whole, not that found in any particular section or proviso.

9. STATUTES—MUST BE CONSTRUED IN LIGHT OF CIRCUMSTANCES.—Statute must be read in the light of all the circumstances, the subject of the grant, and the purpose to be attained.

10. CANALS—GRANT BY STATE SUBJECT TO PERFORMANCE OF THE CONDITIONS MAKES PERFORMANCE A CONDITION SUBSEQUENT.—Act December 24, 1887 (19 St. at Large, p. 1090), conveying canal "subject to the performance of the conditions and limitations herein prescribed," *held* to make performance of the prescribed conditions, relating to completion of canal, conditions subsequent, notwithstanding absence of provision for reverter or re-entry, except in proviso relating to only small part of work, such proviso being consistent with general intention to create conditions subsequent, and the purpose of grant being promotion of navigation, in view of Act December 24, 1890 (20 St. at Large, p. 967).

11. CANALS—GRANT SUBJECT TO PERFORMANCE OF CONDITIONS NOT WAIVER OF RIGHT TO COMPLETION OF CANAL.—Act February 26, 1912 (27 St. at Large, p. 779), relating to completion of Columbia Canal, granted by State under Act December 24, 1887 (19 St. at Large, p. 1090), subject to performance of specified conditions as to completion of canal, does not waive State's right to have canal completed.

12. Pleadings—Whether Reasonable Time for Performance of Condition Subsequent Has Elapsed Matter of Defense.—In action to enforce forfeiture for nonperformance of conditions subsequent, question of whether a reasonable time has elapsed for performance of the conditions is a matter of defense, and not open to consideration on demurrer.

13. Constitutional Law—Declaring Forfeiture for Nonperformance of Conditions Subsequent Not Impairment of Contract Rights.— Act March 12, 1917 (30 St. at Large, p. 348), declaring that rights of gas and electric company to canal under grant from State had been forfeited for nonperformance of conditions subsequent, and authorizing action to enforce performance of conditions, *held* not to impair obligations of contract.

Before Townsend and Memminger, JJ., Richland, ——. Affirmed.

Action by the State of South Carolina against the Columbia Railway, Gas & Electric Company. From an order refusing its motion to approve and accept its petition and bond for the removal of the case into United States District Court, and from an order overruling its demurrer to the complaint, defendant appeals.

Following is the order of Townsend, Circuit Judge, overruling demurrer, referred to in opinion:

"This cause comes on to be heard on demurrer to complaint, on the ground that it fails to state facts sufficient to constitute a cause of action. The first question is whether there is any condition in the grant by the State of the Columbia Canal working a forfeiture, because of noncompliance by the grantee therewith.

"A grant by 'an act of the legislature * * * differs from a grant of a private person, in that it is both a grant and a law, and, as such, the intent of the law is to be kept in view, and its purpose effectuated, whenever the subject matter of the grant comes in controversy; and that construction must be placed upon it which will preserve and carry out the object of the legislature, however such construction may conflict with the principles of the common law, or prevent the attach-

ment of equities which would spring from transactions between private parties.' *Jackson etc. R. Co. v. Davison,* 65 Mich. 430, 32 N. W. 726; *Schulenberg v. Harriman,* 21 Wall. 44, 22 L. Ed. 551; *Nash v. Sullivan,* 29 Minn. 214, 12 N. W. 698; *Oregon & Cal. R. R. v. United States,* 238 U. S. 416, 35 Sup. Ct. 908, 59 L. Ed. 1360.

" 'The sense of a law or terms of an instrument may be found in other words than the quoted technical ones, if the intention is made clear.'    *Oregon & Cal. R. R. Co. v. United States,* 238 U. S. 415, 35 Sup. Ct. 917, 59 L. Ed. 1360.

"A history of the Columbia Canal, as shown by our legislative acts, may be found in the opinion in *State. v. Water Power Co.,* 82 S. C. 181, 183 to 187, 63 S. E. 884, 22 L. R. A. (N. S.) 435, 129 Am. St. Rep. 876, 17 Ann. Cas. 343. As there suggested, the Broad and Congaree rivers are navigable streams, and, while the grant was obtained by the grantee for his private advantage, it was made by the State primarily, in pursuance of a policy to benefit the community by the improvement of the navigability of these rivers (82 S. C. 186, 187, 63 S. E. 884, 22 L. R. A. [N. S.] 435, 129 Am. St. Rep. 876, 17 Ann. Cas. 343), and, therefore, to advantage to that extent the State.    The grant contemplated a development of the subject of the grant by the grantee, in a direction that would promote the purposes of commerce. *White v. Nassau Trust Co.,* 168 N. Y. 149, 61 N. E. 169, 64 L. R. A. 275.    The property of the State in these rivers was ingrafted with a trust for the benefit of the public, and was inalienable except for certain public purposes.    *State v. Pacific Guano Co.,* 22 S. C. 83; *Ill. Cent. R. R. Co. v. Ill.,* 146 U. S. 387, 13 Sup. Ct. 110, 36 L. Ed. 1018; *Scott v. Lattig,* 227 U. S. 242, 243, 33 Sup. Ct. 242, 57 L. Ed. 490, 44 L. R. A. (N. S.) 107; *United States v. Cress,* 243 U. S. 316, 37 Sup. Ct. 380, 61 L. Ed. 746.

"As stated in *Water Power Co. v. Electric Co.,* 43 S. C. 163, 20 S. E. 1002, by the present Chief Justice, the grant in question was made 'upon the conditions therein stated.'

Prominent among these conditions was the improvement of the navigability of the rivers by the completion of the canal from Bull's Sluice, on Broad River, to a point a few yards above Rocky Branch, on the Congaree. The statute which makes the grant clearly declares the purpose for which it was intended the granted property should be used, *i. e.,* the improvement of the navigability of these rivers by the completion and maintenance of the canal as therein prescribed, which was in furtherance of the trust held by the State. Such use would inure specifically to the benefit of the public, for whom the State was trustee. The grant may be declared void if the declared purpose is not fulfilled. *Mahoning v. Young,* 59 Fed. 96, 8 C. C. A. 27; *Slegel v. Lauer,* 148 Pa. 236, 23 Atl. 996, 15 L. R. A. 547. The grantee cannot disregard the requirements of the law under which he received the property, and still continue to hold it. In effect, the grant was of a limited fee, made on the implied condition of reverter in the event that grantee failed or ceased to use the property for the purpose for which it was granted. *Northern Pacific Ry. v. Townsend,* 190 U. S. 267, 271, 23 Sup. Ct. 671, 47 L. Ed. 1044.

"This disposes of the first and second specification of demurrer.

"The legislative act of 1917, coupled with the alleged demand for possession and refusal, is equivalent to the exercise of the right of re-entry. *White v. Britton,* 75 S. C. 428, 56 S. E. 232; *Schulenberg v. Harriman,* 21 Wall. 44, 22 L. Ed. 551. A judicial proceeding was authorized by the act of 1917. *Des Moines v. City Railway Co.,* 214 U. S. 179, 29 Sup. Ct. 553, 53 L. Ed. 958; *Defiance Water Co. v. Defiance,* 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140; *New Orleans Waterworks Co. v. Louisiana,* 185 U. S. 336, 22 Sup. Ct. 691, 46 L. Ed. 936; *City of Detroit v. Detroit etc. Ry. Co.,* 184 U. S. 368, 22 Sup. Ct. 410, 46 L. Ed. 592; *Taylor v. Anderson,* 234 U. S. 74, 34 Sup. Ct. 724, 58 L. Ed. 1218; *Hammond v. Railway,* 15 S. C. 10.

"The complaint shows no waiver by the State of any breach of conditions in the grant. The other specifications of demurrer were not pressed in argument. The purpose of this action is to determine whether the alleged conditions existed in the grant, and whether the defendant and those under whom it claims have violated them. Both the conditions and violations are alleged. If the defendant has any defense, it must be shown by answer.

"It is, therefore, ordered, adjudged, and decreed that the demurrer to the complaint be, and is hereby, overruled, with leave to the defendant to answer, if it be so advised, within 20 days from the date of this order."

*Messrs. Wm. Elliott* and *J. B. S. Lyles,* for appellant, cite: *As to general grounds advanced on question of existence of any condition:* 22 S. C. 74; 83 U. S. (16 Wall.) 203; 21 L. Ed. 457; 3 Washburn Real Property (6th Edition), sec. 2020; 13 Cal. 444, 458; 75 S. C. 34; 54 S. C. 578; 15 S. C. 10, 32; 2 Washburn Real Property (6th Ed.), sec. 942; 15 S. C. 10, 34; 10 S. C. 155; 36 Cyc. 1122; 82 S. C. 181; 85 S. C. 113; 90 S. C. 568; 2 Washburn Real Property (6th Ed.), sec. 938; 58 S. C. 125; 13 Cyc. 696; (Ind.) 13 L. R. A. 173; 77 N. W. 530; (Ala.) 65 So. 187; 56 S. C. 508, 513; 15 S. C. 32, 33; 2 Washburn Real Property (6th Edition), sec. 938; (Ala.) 65 So. 187; 238 U. S. 393, 420; 59 L. Ed. 1360, 1390; 82 S. C. 181; 138 U. S. 562; 34 L. Ed. 1040, 1043; 75 S. C. 34; 165 U. S. 413; 41 L. Ed. 770; 18 N. W. 175; 59 Wis. 285; 75 U. S. (5 Wall.) 119; 18 L. Ed. 502; 74 U. S. (7 Wall.) 290; 19 L. Ed. 190; 97 U. S. (7 Otto) 693; 24 L. Ed. 1101; 88 U. S. (21 Wall.) 44; 22 L. Ed. 530; 152 U. S. 441; 38 L. Ed. 507; 176 U. S. 242; 44 L. Ed. 452; 177 U. S. 435; 44 L. Ed. 836; 238 U. S. 393; 59 L. Ed. 1360; 99 S. C. 218, cited and distinguished. *As to specific consideration of particular alleged conditions:* Act of 1887, sec. 3; 158 Fed. 795; 86 C. C. A. 52; 19 Wall. 227, 236; 22 L. Ed. 80; (Ill.) 45 N.

E. 1076; 72 U. S. (5 Wall.) 118; 18 L. Ed. 502. 508; 44
N. J. Eq. 349; 16 Atl. 4; 18 N. W. 175, 177; 59 Wis. 285;
103 N. Y. 264; 8 N. E. 518, 520; 128 U. S. 174; 32 L. Ed.
377; 114 Mich. 107; 72 N. W. 29; 81 N. C. 261; 90 Mass.
(8 Allen) 594, 596; (N. Y.) 5 L. R. A. 422; 238 U. S. 393;
59 L. Ed. 1360; Act of 1887, sections 5 and 7; 9 Cyc. 248.
*As to waiver:* 75 S. C. 34; 15 S. C. 35; 2 W. & S. 88, 100;
4 Cushing 178; 2 Coke 119; 1 Smith's Leading 85, 97, and
note; 3 Coke 65; Green's Case, Coke Eliz. 3; 3 Cowen 220,
230; 1 Conn. 79; 12 Barbour 440; 9 Metcalf 52. *As to
constitutional questions:* 165 U. S. 434; 41 L. Ed. 779; 238
U. S. 393, 420; 59 L. Ed. 1360, 1390; 87 S. C. 289.

*Hon. Thomas H. Peeples, Attorney General, Hon. Samuel
M. Wolfe, Attorney General,* and *Messrs. B. L. Abney* and
*J. Fraser Lyon,* for respondent, cite: *As to conditions work-
ing a forfeiture or entitling plaintiff to the possession of the
property in question:* Act of December 16, 1818, 6 Stat. 91;
Act of December 18, 1819, 6 Stat. 124, sec. 8; Act of
December 21, 1822, 6 Stat. 189, and Ordinances of Colum-
bia, p. 37; Act of December 20, 1823, 6 Stat. 214, and Ordi-
nances of Columbia, p. 43; Act of December, 1825, 6 Stat.
277, sec. 2; Act of 19th December, 1843, 11 Stat. 304; Act
authorizing sale of canal, 21st December, 1865, 13 Stat.
293; Act 21st December, 1866, 13 Stat. 366-28, sec. 2; Act
of December 19, 1866, 13 Stat. 378 (no sale was made under
this act). *Prof. LeConte's Report as to original dimensions
of canal:* Reports and Resolutions, session 1877, 78, p. 618;
Joint Resolution June 7, 1877; 16 Stat. 360; Act March 12,
1878, 16 Stat. 444; Reports and Resolutions 1878, pp. 377
and 76; 17 Stat. 87; 19 Stat. 1090; Act authorizing guar-
antee of bonds, 24 December, 1887, 19 Stat. —; Act 24th
December, 1890, 29 Stat. 967; 43 S. C. 154; 75 S. C. 34;
82 S. C. 191; 81 S. C. 113; 90 S. C. 568; 27 Stat. 445-448;
28 Stat. 881; 27 Stat. 779; S. C. Const. 1868, art. VII, sec.
40; S. C. Const. 1895, art. I, sec. 28; S. C. Const. 1895,
art. XIV, sec. 1; 82 S. C. 181; 90 S. C. 568; 43 S. C. 154;

sec. 5, Act of 1877; 75 S. C. 34; Const. 1868, art. I, sec. 40; Const. 1895, art. I, sec. 28; art. XIV, sec. 1, and interstate clauses of the Federal Constitution; 43 S. C. 154; 238 U. S. 393; 59 L. Ed. 1360; 75 S. C. 34; 82 S. C. 181; 90 S. C. 568; 15 S. C. 10; 43 S. C. 162; 75 S. C. 38; 2d Washburn's Real Property, 6th Ed., sec. 942; Ann. Cases 1917, f. 747; 16 Wall. 209; 58 S. C. 125; 10 S. C. 155; 4 Kent's Com., p. 152; Star page 133. *As to waiver:* Act of February 26, 1912. *As to the constitutionality of the Act of 1917:* 165 U. S. 434; 238 U. S. 393, 420; 59 L. Ed. 1360; 87 S. C. 289 (not in point); 82 S. C. 181; 90 S. C. 568. *As to claim that defendant and its predecessors have been in quiet and peaceable possession of the property in question for more than twenty years:* 82 S. C. 191, and 90 S. C. 568; 27 Stat. 446-448; 27 Stat. 779; 43 S. C. 154; 172 U. S. 475; 238 U. S. 393, 427; 108 S. C. 244. *As to the statute of limitations:* Code of Procedure, sec. 120.

August 26, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The State brought this action to obtain a judgment of forfeiture of the rights of defendant in and to the Columbia Canal, and to recover possession thereof. The complaint alleges that the State was the owner of the canal, and, in pursuance of an act of the legislature, in 1887 (19 Stat. 1090), it was conveyed to a board of trustees "for the use and benefit of the city of Columbia, for the purposes hereinafter in this act mentioned, subject, nevertheless, to the performance of the conditions and limitations herein prescribed on the part of the said board of trustees and their assigns: *Provided,* That should the said canal not be completed to Gervais street within seven years from the passage of this act all the rights, powers, and privileges guaranteed by this act shall cease, and the said property shall revert to the State."

That it had been completed nearly to Gervais street, something more than half its proposed length, and the trustees were required to carry it on to the point where it was to empty into the Congaree River, as soon as practicable, and provisions were made therein for that purpose; that in 1892, in pursuance of an act of 1890, amending the act of 1887 (20 Stat. 967), the trustees conveyed it to the Columbia Water Power Company, "subject, nevertheless, to the conditions, limitations, provisions, and exceptions" contained in said act, and in 1905 the Water Power Company conveyed it in like manner to defendant; that the chief inducement to the conveyance of the property by the State was to open navigation through the canal around the shoals in the Congaree and Broad rivers at and near their confluence, and develop the water power thereof south as well as north of Gervais street, all of which is provided for in minute detail by the terms of the acts referred to; that nothing has been done toward the completion of the canal south of Gervais street, notwithstanding it has long since been practicable to have done so, and defendant has allowed it to be obstructed, so as to prevent the navigation thereof north of that street, and has abandoned the completion thereof, and the development of the water power contemplated south of that street; that by an act of 1917 (30 Stat. 348) the legislature declared that the rights of defendant in and to said property had been forfeited, and the same had reverted to the State, on account of the failure to perform the conditions upon which it had been granted, and the Attorney General and other agents of the State therein named were directed to take such steps and institute such action as they might deem proper to recover possession thereof, unless defendant should, within 90 days after the passage thereof, make satisfactory arrangements with said officers and agents with reference thereto, as therein provided; and that defendant declined to make any

arrangements whatever with regard thereto, and denied any obligation to perform the conditions of the grant.

Defendant sought to remove the case to the Federal Court on the ground that the act of 1917 was in effect a denial of due process of law, and an attempt by legislative fiat to impair the obligation of the State's contract. Judge Memminger refused to order removal, on the ground that no Federal right was involved, and that defendant could contest the validity of the act of 1917 in the State Court as well as in the Federal Court. Thereafter the Federal Court remanded the case, on the ground that no right under Federal law was necessarily involved.

There was no error in refusing the application for removal. *Taylor v. Anderson,* 234 U. S. 74, 34 Sup. Ct. 724, 58 L. Ed. 1218; *Arkansas & Texas Coal Co.,* 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144.

Besides, when the Federal Court remanded the case it was the duty of the State Court to proceed as though no removal had been attempted. *Railroad Co. v. Koontz,* 104 U. S. 5, 56 L. Ed. 643; *St. Paul etc. R. Co. v. McLean,* 108 U. S. 212, 2 Sup. Ct. 498, 27 L. Ed. 703; *Empire Co. v. Towboat Co.,* 59 S. C. 549, 38 S. E. 156.

Defendant demurred to the complaint for insufficiency, on several grounds, the one chiefly relied upon being that the act of 1887 does not contain apt words to create a condition subsequent the breach of which would work a forfeiture. Judge Townsend overruled the demurrer in an opinion which will be reported. The conclusions therein announced are fully supported by the authorities cited.

While Courts lean against a construction which creates a condition subsequent, because that works forfeiture which often results in unconscionable hardship, they have no power by construction to make or modify contracts or statutes.

Their power and duty is limited to the discovery of the intention therein expressed, and to give it effect; and, if it is clear that forfeiture has been provided for and incurred, it is as much the duty of the Court to enforce it as any other lawful provision, except, of course, in cases where the Court has power to relieve against it, and the circumstances call for the exercise of that power.

The purpose of construction is to find out the intention, however it may be expressed, whether in apt and technical words or otherwise; and that which is clearly implied is as good as if expressed.

No particular phraseology and no technical words are necessary to create a condition subsequent; and even that which is expressed as a condition may be held to be only a limitation or restriction, and *vice versa,* if it clearly appears that such was the intention; and, when such condition is created, provision for reverter or re-entry for breach thereof is not indispensable, since these are but remedies which follow the breach as legal consequences.

It makes little difference, therefore, that the statute does not provide for reverter or re-entry.

The legislative intention must be gathered from the language of the statute—not that found in any particular section or proviso, but from the statute as a whole —and it must be read in the light of all the circumstances, the situation and relation of the parties, the subject of the grant, and the purpose to be attained.

It appears from the numerous acts of the legislature relative to the canal that the dominant purpose in providing for its construction was the improvement of navigation in the Congaree and Broad rivers, and to make it possible to obviate the obstruction caused by the shoals at and near their confluence. That purpose runs as an unbroken thread through the entire legislative history of the project, and

nowhere does it appear more clearly than in the act of 1887, wherein it is so clearly expressed that no grantee thereunder can be heard to say that he did not contract with reference to it; and, so far as completed, the canal has become a part of the navigable waters of the State, and, as such, impressed by the Constitution with a trust for the public benefit. *State v. Water Power Co.,* 82 S. C. 181, 63 S. E. 884, 22 L. R. A. (N. S.) 435, 129 Am. St. Rep. 876, 17 Ann. Cas. 343. The other purposes contemplated, such as the development of water power, were incidental and subsidiary, but, nevertheless, important.

Having in mind the purposes and subject matter of the grant, let us consider the words thereof. It was made, "subject to the performance of the conditions and limitations herein prescribed." These words are apt and sufficient to manifest the intention that the continuance of the estate granted was to depend upon the doing of the things prescribed; in other words, to make performance of them conditions subsequent, the breach of which would result in forfeiture.

Appellant argues that as the proviso to section 1, above quoted, does create a condition subsequent, and provides for forfeiture and reverter for breach thereof, in apt and technical language, under the rule *"expressio unius"* no other like condition was intended or it would have been expressed in like manner. The argument fails to appreciate the circumstances. The proviso expresses a particular intention relative to a comparatively small part of the work, and is not inconsistent with the general intention previously declared; it was not intended, therefore, to be restrictive of it. The general intention was that the grant should be subject to the performance not of one but of all the things required to be done.

On the issue of waiver, appellant has called attention to the act of 1912 (27 Stat. 779), in which there is a provision

which indicates the intention to allow such further time for the completion of the work as might be fixed by the Court. That shows no intention to waive the right to have the canal completed, but rather the contrary. Besides, the allowance of further time was conditioned upon acceptance of the terms of the act, and it does not appear that that was done. Therefore, it cannot avail appellant on demurrer, which admits the allegation that a reasonable time has elapsed, and that appellant has refused to do the work at all.

Whether a reasonable time has in fact elapsed, and whether, under all the circumstances, the drastic remedy of forfeiture should be adjudged, without giving further time, are questions upon which we express no opinion, since they are matters of defense, and will depend upon the facts and circumstances developed at the trial. There is authority for the proposition that where no time is fixed for the performance of a condition a reasonable time is intended, and no default can ordinarily attach until after a demand and refusal to perform. 3 Elliott on Contracts, sec. 2098. But, as said, all that is a matter of defense, and is not open to consideration on demurrer.

The act of 1917 violates no constitutional right of defendant. The legislature did not undertake to adjudicate anything, but merely declared that, in its opinion, a forfeiture had been incurred, and directed a judicial investigation and determination of the question in accordance with law. The action is to enforce the obligations of the contract and not to impair them.

Judgment affirmed.