### 10755

### STATE v. COLUMBIA RAILWAY, GAS & ELECTRIC CO.

#### (123 S. E., 646)

1. CANALS—DIRECTED VERDICT ON QUESTION OF FORFEITURE OF GRANTS HELD PROPER.—In an action under Act December 24, 1887 (19 St. at Large, page 1090), and Act March 12, 1917 (30 St. at Large, page 348), to enforce forfeiture for failing to complete canal, conveyed to .defendant by State on condition of such completion, evidence *held* to support directed verdict for plaintiff.

2. CANALS—OFFER TO PERFORM CONDITIONS OF GRANT HELD TOO LATE TO PREVENT FORFEITURE.—An offer to complete a canal, made after 90 days' grace to make arrangements for its completion, allowed by Act March 12, 1917 (30 St. at Large, page 348), authorizing an action to enforce forfeiture of rights of a gas and electric company to a canal under a grant from the State for nonperformance of conditions, had lapsed, *held* too late to prevent forfeiture.

3. CANALS—STATUTE HELD TO STATE CONDITIONS UNDER· WHICH STATE COULD WAIVE FORFEITURE OF CANAL RIGHTS.—Act March 12, 1917 (30 St. at Large, page 348), authorizing an action to enforce forfeiture of rights of gas and electric company to a canal under grant from State for nonperformance of conditions, *held* not binding as a judicial decree, but was binding in that it stated conditions under which State would waive forfeiture.

4. CANALS—REASONABLE PROMPTNESS IN COMPLETING CANAL NECESSARY TO AVOID FORFEITURE.—In action under Act December 24, 1887 (19 St. at Large, page 1090), to enforce forfeiture for failing to complete a canal, *held,* that Act contemplated that defendant and his predecessors in title should, after December 24, 1894, act with reasonable promptness in proceeding to complete canal.

5. CONSTITUTIONAL LAW—DECLARING FORFEITURE OF CANAL RIGHT FOR NONPERFORMANCE OF CONDITIONS SUBSEQUENT HELD NOT IMPAIRMENT OF CONTRACTUAL RIGHTS OR DENIAL OF DUE PROCESS.—Act March 12, 1917 (30 St. at Large, page 348), declaring that rights of gas and electric company to canal under grant from State had been forfeited for nonperformance of conditions subsequent, and authorizing action to enforce performance of condition, *held* not to impair contractual obligations or violate due process clause, on theory that there was no condition subsequent.

6. APPEAL AND ERROR—ADMISSION OF PRIOR DECISIONS IN EVIDENCE HELD AT MOST HARMLESS ERROR.—The admission of prior decisions of the Supreme Court in evidence *held* at most harmless error.

7. CANALS—RE-ENTRY HELD NOT NECESSARY TO FORFEITURE OF CANAL RIGHTS.—Re-entry is not necessary to complete forfeiture of canal rights, where it is not practicable.

8. CANALS—DEMAND AS BASIS OF FORFEITURE HELD SUFFICIENT.—In action to enforce forfeiture of canal rights, a direction to Attorney General to bring suit *held* a sufficient demand.

Before TOWNSEND, J., Richland, June 1920.   Affirmed.

Action by the State against Columbia Railway, Gas & Electric Co., a corporation.   From a judgment on a directed verdict for plaintiff the defendant appeals.

An appeal was taken from this decision to U. S. Supreme Court which reversed the decision herein; 261 U. S., 236; 67 L. Ed., 629.

*Messrs. William Elliott, J. B. S. Lyles, R. B. Herbert* and *W. C. McLain* of Columbia, for appellant, cite: *Error in directing verdict for plaintiff and refusing to direct verdict for defendant:* 15 S. C., 10; 77 N. W., 530; 75 S. C., 428; 36 N. E., 335; 94 N. E., 997; 65 S. C., 251; 116 N. E., 161; 12 Barb., 440; 135 S. W., 905; 97 Mass., 188; 147 S. W., 105; 1 Smith Leading Cases, 85. *No demand for performance:* 3 Abb. Const. Sec., 2098; Tiff. Real Prop., 147 Sec., 71; 45 Ind., 552; 86 Ind., 567; 21 Pick.. 389; 4 Cush., 178; 90 Iowa, 414; 94 Wis., 390. *Offer to complete:* 52 S. E., 499; 4 L. R. A. (N. S.), 321. *Error in construing Act 1917 giving force and effect to legislative declaration of forfeiture:* 86 U. S., 203; Cooley Const. Lim., 7th Ed., 594; 87 S. C., 270; 165 U. S., 434; 5 L. Ed., 547; 67 S. C., 324; 13 Rich. L., 498; 12 L. Ed., 447; 135 U. S., 662; 8 S. C., 71; 22 S. C., 74; 18 C. J., 429; 75 S. C., 428. *Error in construing "as soon as practicable":* Crab Eng. Syn., 562; 81 N. E., 487; 123 N. Y. Supp., 83; 42 Cal., 251; 51 Fed., 302; 7 Fed., 190; 5 N. W., 369. *Question under Constitution of U. S:* 111 S. C., 156; 165 U. S., 434; 87 S. C., 289; 238 U. S., 393.

*Messrs. S. M. Wolfe, Atty. General* and *J. Fraser Lyon,* for the State, cite: *Legislative history of canal:* 6 Stat., 201, 214, 507; 11 Stat., 304; 13 Stat., 393; 14 Stat.. 83; 16 Stat., 360, 444; 17 Stat., 855; 19 Stat., 1090; 20 Stat., 967; 28 Stat., 881; 27 Stat., 779; 30 Stat., 348; 43 S. C., 154; 75 S. C., 34; 81 S. C., 113; 82 S. C., 191; 90 S. C., 568. *Verdict properly directed for plaintiff:* 63 S. C., 193; 77 S. C., 328; 10 S. C., 16; 99 S. C., 417; 68 S. C., 190; 66 S. C., 300; 91 S. C., 523. *Improvement of navigation was dominant purpose:* 100 S. E., 355; 82 S. C., 181. *No waiver:* 112 S. C., 528. *Forfeiture clause or provision for re-entry not indispensable:* 18 C. J., 356, 360, 364, 366. *Where condition in deed is condition subsequent no formal demand of performance is required:* 151 App. Div. N. Y., 292; 2 L. R. A., 526; 13 S. E., 21; 22 L. Ed., 555; 152 U. S., 444; 15 S. C., 34; 18 S. C., 606; 43 S. E., 674; 75 S. C., 428. *Right of reversion is not affected by fact that grantees have made outlays:* 2 Dev. on Deeds, 185; 13 Cyc., 704; 71 Me., 408. *Silence will not amount to waiver of breach of an expressed condition:* 7 Fed., 640; 173 N. Y., 38. *Reasonable time:* 75 Ala., 345; 112 S. W., 152; 98 Atl., 1; 98 Atl., 785; 190 S. W., 972; 157 Pac., 590; 213 U. S., 115; 89 S. C., 498; 146 U. S., 60; 107 U. S., 325; 19 Wall., 560; 115 S. C., 17; 44 S. W., 359; 66 S. E., 310; 114 S. C., 159.

November 26, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

For all practical purposes this case was tried and determined on demurrer. See 112 S. C., 528; 100 S. E., 355. It is enough here to say that it has been decided that the complaint states a cause of action for forfeiture for a breach of condition, and, if the plaintiff has proved its allegations, it is entitled to the judgment sought.

The complaint alleges that the State was, at one time, the owner of the Columbia Canal, and conveyed it away on

the condition that the grantees would so complete it; that (112 S. C., 538, 539; 100 S. E., 355), it appears from the numerous Acts of the Legislature, relative to the cause, that the dominant purpose in providing for its construction was the improvement of navigation in the Congaree and Broad Rivers, and to make it possible to obviate the obstruction caused by the shoals at and near their confluence. That purpose runs as an unbroken thread through the entire legislative history of the project, and nowhere does it appear more clearly than in the act of 1887 (Act Dec. 24, 1887 [19 St. at Large, p. 1090]), wherein it is so clearly expressed that no grantee thereunder can be heard to say that he did not contract with reference to it; and, so far as completed, the canal has become a part of the navigable water of the State, and as such impressed by the Constitution with a trust for the public benefit. The words used are apt and sufficient to manifest the intention that the continuance of the estate granted was to depend upon the doing of the thing prescribed; in other words, to make performance of them conditions subsequent, the breach of which would result in forfeiture.

That the conditions existed and that they had not been performed was not questioned in the evidence. It was also held that no time for the completion of the canal from Gervais Street to Rocky Branch, the lower terminus, was fixed by the statute, and therefore a reasonable time was allowed. The evidence showed (not disputed) that two years is a reasonable time. The facts (undisputed) are that many times two years have passed, and the canal still incomplete. Section 19 of the Act of 1887 directs the board of trustees to offer inducements for the speedy erection of factories on the canal below Gervais Street. While a reasonable time was allowed, the act called for speed.

This Court also held that the Court has no power to waive the conditions. The plaintiff proved its case by undisputed and indisputable evidence. There was nothing,

therefore, for Judge Townsend the presiding Judge, to do but to direct a verdict for the plaintiff in the question of forfeiture.

1. What has been said disposes of the first question, as, to a directed verdict, unless some of the other questions are sustained.

II. The second assignment of error is that there was no demand for performance, but there was an offer to complete the canal. As already stated, the former case held that the purpose to complete the canal "runs as an unbroken thread through the entire legislative history of the project." It is true the defendant now makes an offer to complete the canal, but the offer comes too late. The Act of March 12, 1917 (30 St. at Large, p. 348), while declaring a forfeiture, allows the defendant 90 days, not to complete the canal, but to make "arrangements or agreements for its completion. Instead of trying to make an "arrangement" or "agreement" to complete the canal, the defendant raised the question of its obligation to complete the canal. The 90 days of grace had expired before the offer was made, and the Courts cannot extend the time. This point cannot be sustained.

III. "That there was error in construing Act of 1917 and giving force and effect to the legislative declaration of forfeiture." His Honor said the Act of 1917 was binding on the Court under the evidence. It is binding, not as a judicial decree, but it was binding in that it stated the conditions under which the State would waive the forfeiture, and the evidence showed that the condition had not been complied with. This point cannot be sustained.

IV. Error in construing "as soon as practicable." His Honor held "the requirement of the act contemplated that the defendant and its predecessors in title should, after December 24, 1894, act promptly, with reasonable promptness in proceeding to complete the canal."

The Act of 1887 used the word "speedy." There was no error in the ruling of his Honor. He did not say immediately. There is no error here.

V. Questions under the Constitution of the United States. Appellant's argument says:

"Exceptions 4 and 5 raise the points that the Act of 1917, and the acts of the state officers therein authorized, violate the impairment and due process clauses of the Federal Constitution, upon the theory that there was no condition subsequent in defendant's title to the canal. This same point was raised by exceptions 11, 12 and 14 on the former appeal, and decided against us—the Court holding both that there was a condition subsequent in the grant and that the Act of 1917 was constitutional. The Court may feel compelled to hold these exceptions *res adjudicata*. *Vermillion v. Woman's College,* 111 S. C., 156; 97 S. E., 619. However, we do not waive them, and would appreciate a statement that they are renewed here."

The former ruling is affirmed.

VI. Error in admitting testimony. The state offered in evidence the case of *State ex rel., Ryon v. Columbia Water Power Company,* 82 S. C., 181; 63 S. E., 884; 22 L. R. A. (N. S.), 435; 129 Am. St. Rep., 876; 17 Ann. Cas. 343; Id., 85 S. C., 113; 68 S. E., 1119; Id., 90 S. C., 568; 74 S. E., 26. The cases played no part in the decision of this case, and were at most harmless error. This assignment of error is overruled.

VII. The appellant alleges error in not holding that the forfeiture is not complete because the State did not re-enter. This cannot be sustained, because it has been held in the State in *White v. Briton,* 75 S. C., 428; 56 S. E., 232, and other cases, that, where re-entry is not practicable, re-entry is not necessary. The forfeiture was declared by the statute. The direction to the Attorney General to bring suit was a sufficient demand. It was impracticable and highly improper, and much to the advantage

of the defendant that it was not forcibly ejected by the irresistible power of the State. The defendant, pending a decision of the rights of the parties, has enjoyed the profits during the litigation, and it cannot complain.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN: I sat with the Court upon the hearing of the appeal in this case, but have taken no part in the discussion or decision for the following reasons: At the time of the passage of the Act, in 1917, I was a member of the House of Representatives and took an active part in the preparation of the bill, in its advocacy, and in the final draft of the free conference committee's report, which was adopted by both houses. It has occurred to me, since the argument of the appeal, that I cannot, with propriety, participate in the decision.

For former opinion, see 123 S. E., 646.

*PER CURIAM.* It is ordered that the order of this Court heretofore granted, staying the remittitur in the above-entitled cause, be and is hereby revoked.

It is further ordered and adjudged that this cause be remanded to the Circuit Court for such further proceedings, not inconsistent with the opinion of the Supreme Court of the United States (261 U. S., 236; 43 S. Ct., 306; 67 L. Ed., 629), reversing the judgment of this Court (123 S. E., 646), as may the parties to the cause be entitled to pursue.