## CHITWOOD v. SOUTH CAROLINA ELECTRIC & GAS CO.

### Civil Action No. 1033.

District Court, E. D. South Carolina, Columbia Division.

Aug. 3, 1943.

Plaintiff appeared in his own behalf.

J. B. S. Lyles, of Columbia, S. C., for defendant.

WARING, District Judge.

Plaintiff has filed his complaint in the above entitled cause alleging that he is a resident and citizen of Richland County, South Carolina, and that in early life he was licensed as a Marine Engineer and engaged in navigation pursuits and is vitally interested in navigation upon the Santee, Cooper and Broad Rivers in the State of South Carolina. He alleges that the defendant is a corporation organized under the "corpoperative(?) laws of one of the States of the United States". The complaint further alleges that the Santee, Congaree and Broad Rivers constitute a navigable route and that the defendant is carrying on its business of the manufacture and distribution of electricity and in connection therewith a dam or obstruction has been constructed across Broad River, on account of which, navigation on said Broad River is destroyed; and further, that the defendant is operating without a license from the Water Power Commission and is without title to or ownership to said properties. The next allegation is that the plaintiff and all other persons having a like interest have suffered irreparable damage and injury, for which there is no adequate remedy at law and which will continue unless the court of equity intervenes. The prayer of the complaint is for judgment for the sum of One ($1) Dollar and that the defendant be restrained from maintaining the obstruction and structure in the stream and from operating without a license or without legal title to the properties.

Within due time the defendant appeared and presented its motion for dismissal of

the action upon the grounds: (1) That this court lacks jurisdiction, (2) that the Complaint fails to state an appropriate claim against the defendant, and (3) that the plaintiff has no right to maintain this suit.

The Columbia canal, through which flows a large portion of the waters of the Broad River, as a result of the dam, which is the subject matter of this suit, has long been the subject of dispute and controversy in the political and business life of South Carolina, and for several generations has from time to time been discussed, referred to, legislated and adjudicated in political contests, in the General Assembly of the State of South Carolina and in the courts of South Carolina, State and Federal, and in the Supreme Court of the United States. A history of the various phases of the legal life of this enterprise appears by reference to certain of the reported cases in which this canal has figured. See Columbia Ry, Gas & Electric Co. v. State of South Carolina, 261 U.S. 236, 43 S.Ct. 306, 67 L.Ed. 629; State of South Carolina v. Broad River Power Co., 177 S.C. 240, 181 S.E. 41; State of South Carolina v. South Carolina E. & G. Co., D.C., 41 F.Supp. 111.

A reference to the map of the State of South Carolina shows that the Saluda and Broad Rivers meet and form the Congaree River. Shortly below this point of confluence the Congaree River flows over a bed infested with rocky shoals, which makes successful navigation almost impossible until a point known as Rocky Branch, approximately two miles below the City of Columbia is reached. From there the Congaree flows on to join with the Wateree and their junction forms the Santee, the largest river in the State of South Carolina, and this empties into the Atlantic Ocean not far from the port of Georgetown. The Santee is also connected, by means of a diversion canal, with the Cooper River, which discharges into the Atlantic Ocean at the port of Charleston.

Many years ago, probably some time prior to 1800, a canal commonly known as the Columbia Canal was constructed as an aid to navigation of the Broad and Congaree Rivers. This canal was intended to furnish a means of navigation from the upper reaches of the Broad River around and avoiding the shoals above referred to and connecting with the ocean through the ports of Georgetown and Charleston. As is well known in the history of this country,

canal traffic flourished and then with the advent of railroads languished and the Columbia Canal seems to have been practically abandoned for many years. However, in the year 1887, steps were taken to construct a new canal and the upper portion of this was actually built and it came down as far as the end of Gervais Street in the City of Columbia. The rest of the projected canal south of Columbia has never been constructed. The object of this newly built canal was to produce a water way which would be large enough to, and capable of, handling water borne commerce and also for the development of water power, all primarily for the benefit of the City of Columbia and incidentally generally for the State of South Carolina. The old canal prior to 1887 was owned by the Board of Directors of the State Penitentiary, but by the Act of 1887, 19 St. at Large S.C. p. 1090, the Legislature incorporated the "Board of Canal Trustees" and this board became vested with title to the canal and was authorized to construct the same and also to construct a dam to raise the water for the purpose of diverting it through such canal. There were certain conditions attendant upon the grant of power and title to this board, and by an amendatory act in 1890, 20 St. at Large S.C. p. 967, the board was authorized to sell and convey the property, which it subsequently did to the predecessor of the present owner, the defendant herein. The Acts of the State of South Carolina and the cases hereinabove cited, conclusively show that the predecessors in title and the present defendant became vested with legal title to the property in question. While the Complaint in the instant case fails to allege the state of incorporation of the defendant it appears from reference to the opinion in State of South Carolina v. South Carolina E. & G. Co., D.C., 41 F. Supp. 111, that the defendant is a corporate resident of South Carolina.

In 1917 the State of South Carolina instituted a suit against the owner of the canal claiming that it had forfeited title to the property by reason of the failure to extend the canal. The contention of the State was sustained by the State Supreme Court (State v. Columbia Ry., Gas & Electric Co., 112 S.C. 528, 100 S.E. 355), but the case was carried by Writ of Error to the Supreme Court of the United States and there reversed. Columbia Ry., Gas & Electric Co. v. State of South Carolina, 261 U.S. 236, 43 S.Ct. 306, 67 L.Ed. 629. In that case it was held that there was not

a forfeiture, but that the provision relative to extending the canal was a covenant, which may be enforced by appropriate action. Thereafter in 1925 by appropriate legislative action, Acts of S.C. 34 St. at Large, p. 852, the State released the owner from certain of the conditions imposed by the former act, and thus settled many of the points in controversy, and thereafter the present defendant acquired title to the property. Then followed an action by the Attorney General of South Carolina in a case instituted against the defendant under its former name to test the validity of the above referred to act and the settlement made thereunder. This suit was brought under authority of an Act of the General Assembly adopted May 15, 1933, 38 St. at Large, p. 1180. The trial court held the act and settlement valid and constitutional and the Supreme Court of South Carolina affirmed this finding in 1935. State v. Broad River Power Co., 177 S.C. 240, 181 S.E. 41.

It would seem that all questions relative to the Columbia Canal and its legality and status would have been ended by the foregoing. However, another action was commenced in 1941 in the United States Court for the Eastern District of South Carolina (State of South Carolina v. South Carolina E. & G. Co., D.C.; 41 F.Supp. 111), wherein the State asked for specific performance of the contract to continue the canal and for damages in the sum of One Billion Dollars. The defendant filed its motion to dismiss and the matter was heard and the motion granted by Honorable C. C. Wyche, United States District Judge, in the above entitled cause. Judge Wyche has written a complete and painstaking analysis of the situation and there was no appeal from his decision.

In the above cause Judge Wyche held that the State of South Carolina was bound by its laws and decisions and there was no substantial federal question which was an essential or integral part of the case. Attention is further called to the fact that in the case of State v. Columbia Water Power Co., 82 S.C. 181, 63 S.E. 884, 22 L.R.A.,N.S., 435, 129 Am.St.Rep. 876, 17 Ann.Cas. 343; and Id., 90 S.C. 568, 74 S. E. 26, the Supreme Court of the State of South Carolina took jurisdiction of the cause, adjudged that the canal was a navigable water way and expressly kept the case open for any further orders as may be necessary to protect the rights of navigation of the parties therein.

▮ · In the instant case the plaintiff has failed to show by his complaint any jurisdiction of this court, and as a matter of fact, has not even alleged generally that this court has jurisdiction. He has shown no diversity of citizenship and · he has failed to show the requisite jurisdictional amount of Three Thousand ($3,000) Dollars or more. He claims irreparable injury to himself and others in like plight, but has failed to show wherein he has suffered any damages. It is noted that he alleges that he was once a Marine Engineer and he alleges he is vitally interested in navigation. He does not, however, say that he is at present engaged in any navigation; he does not show that he owns, operates, is connected with, or employed by any vessels, companies or properties of any character or description, which are a part of or even remotely connected with navigation. He does not show that he owns any property situate on the navigable waters, which might be used or useable, and he does not show that he has lost anything by reason of the facts alleged in his complaint, or stands to gain anything if his prayer be granted. In fact, he does not show any monetary or proprietary right or interest in the matter at all and his only interest seems to be a patriotic or sentimental interest as a citizen of the State. I am, therefore, constrained to find that he has totally failed to make any showing that, this court has jurisdiction over the subject matter

▮ But even if it should be found that there might be jurisdiction by an appropriate amendment with an allegation of a substantial monetary interest, there does not seem to be any real federal question involved and there does not seem to be any right in the plaintiff to bring this action. The facts generally in connection with the Columbia Canal and incidental matters connected therewith are well known because of various public, legislative and judicial acts and opinions, some of which are hereinabove referred to, and I feel that this court should take judicial notice of these facts. In looking at the matter, therefore, it is proper to ascertain whether there is a federal question as to a navigable stream. It is true that the stream in question is a navigable one, but what right has the plaintiff to complain of the obstruction to navigation? It is suggested that the defendant may have violated the Rivers & Harbors Act, 33 U.S.C.

A. § 401, and also the Federal Power Act, 16 U.S.C.A. § 817, but if this be true it is a matter for governmental action and not for an individual unless such individual can show some special right to maintain this action.

A similar question arose in connection with the well known Santee Cooper Project in South Carolina. In the litigation arising as a result of the creation of the South Carolina Public Service Authority, which was authorized to construct a dam across the Santee River to divert a portion of the waters of that river into a canal to join with the Cooper River, certain private power companies brought a suit in the Federal Court for this district. The District Judge held that the plaintiffs had no such direct and special interest in the matter as would entitle them to enjoin the operation of the Authority. The case went to the U. S. Circuit Court of Appeals and was there decided, the opinion being written by Judge Parker. See Carolina Power & Light Co. v. South Carolina Public Service Authority, 4 Cir., 94 F.2d 520, 523, certiorari denied 304 U.S. 578, 58 S.Ct. 1048, 82 L.Ed. 1541. In the course of his opinion Judge Parker says: "Much of the record and briefs is taken up with matters bearing upon the legality of a project which will result in the obstruction of a navigable stream, and all of the argument with respect to the validity of the license and the statute have to do with this question; but it is perfectly well settled that any unlawful obstruction of a navigable stream or a public highway is a matter for the public authorities, not a matter of which private individuals may complain, unless they suffer some direct and special injury to their rights not common to the public. (Citing cases). And, with respect to obstruction of navigable waters, provision is expressly made by federal statute for the Attorney General of the United States to institute proceedings for the removal of such obstruction. 30 Stat. 1151, as amended 33 U.S.C.A. § 406; 41 Stat. 1076, 16 U.S.C.A. § 820. Whether the remedy thus provided is exclusive where private persons sustain direct and special injury as a result of the invasion of their rights, we need not decide. Cf. [State of] Minnesota v. Northern Securities Co., 194 U.S. 48, 70, 24 S.Ct. 598, 48 L.Ed. 870; Paine Lumber Co. v. Neal, 244 U.S. 459, 471, 37 S.Ct. 718, 61 L.Ed. 1256. It is sufficient for the decision here that, in the absence of such direct and special injury, suit by private persons on account of such obstruction may not be maintained."

Many cases in the State of South Carolina have handed down the same doctrine. See South Carolina Steamboat Co. v. Wilmington, C. & A. R. Co., 46 S.C. 327, 24 S.E. 337, 33 L.R.A. 541, 57 Am.St. Rep. 688; South Carolina Steam-Boat Co. v. South Carolina Ry. Co., 30 S.C. 539, 9 S.E. 650, 4 L.R.A. 209, 14 Am.St.Rep. 923; McMeekin v. Central Carolina Power Co., 80 S.C. 512, 61 S.E. 1020, 1023, 128 Am. St.Rep. 885. In the last named case the court says:

"The obstruction of a navigable stream is a public nuisance, and the remedy is by indictment, unless the person instituting proceedings on the civil side of the court can show special or peculiar damages, differing in kind from those to which all others in common with him are exposed (Citing cases). Thus showing that the obstruction of a navigable stream cannot be declared a public nuisance, and abated, at the instance of a private party, in a civil action, merely on the ground that it is a public nuisance, as contended by this petitioner; but that in such case indictment is the appropriate remedy.

"The aid of the court in the exercise of its chancery powers cannot therefore be invoked to restrain the defendant from doing an act which, if allowed to be completed, the petitioner would not have the right to demand should be declared to be illegal in a civil action".

In view of these decisions I find it impossible to see where the plaintiff has shown that he has any standing in this court. It, therefore, seems appropriate that this matter should be passed upon and ended upon the motion here presented without further proceedings. See Singer & Sons v. Union Pac. R. Co., 8 Cir., 109 F.2d 493, and various authorities therein cited.

It perhaps is unnecessary to pass upon and decide all the matters hereinabove set forth in view of my first finding that there are not sufficient jurisdictional matters alleged in the complaint. However, as this is a matter that may be renewed and again brought before the court, I think it better at this time to pass upon all the issues as presented and have reached the following conclusions and so find:

1. This court is without jurisdiction because of the lack of diversity of citizenship.

2. The subject matter involved is not of the value of Three Thousand ($3,000) Dollars or more.

3. There is no federal question involved.

4. The plaintiff has no interest in the subject matter of the suit and is without power to bring the same.

5. If there be any obstruction or wrongdoing by defendant, it is in the nature of a violation of the rights of the public and would constitute at most a public nuisance, which would not justify the plaintiff in bringing this action.

For the foregoing reasons, it is ordered that the complaint in the above entitled cause be and the same is hereby dismissed.