BARBER v. RICHMOND, &c., RAILROAD COMPANY.

1. Travelled Place—Negligence.—On hearing the approach of a railroad train toward a flag station where it was expected to stop, a youth left the fire-place in a store at the station and ran out, intending to jump from the platform in front of the store where the train generally stopped, across the railroad track of 3 feet gauge and go to his mules, which were standing in an open space freely used·by the public as an unenclosed wagon yard; but when he reached the platform, the engine was passing, and the youth failing to check himself, fell against the tender and his foot was run over and crushed. The engine had not blown its whistle or rung its bell for 500 yards before reaching this point. *Held*, that this was not a "travelled place" within the meaning of section 1483, General Statutes, which refers only to such places as the public use for crossing by legal right, and the failure to give these signals was not negligence; therefore a non-suit was properly granted on this ground.

2. Signals—Negligence.—A non-suit was also proper on the further ground that the plaintiff having heard the train approaching, the failure to give the warning signals in no way contributed to the accident.

3. Negligence.—Rapid running by a railroad train is not negligence *per se.*

4. Ibid.—Acts of Others.—The proximity of the platform to the railroad track was not negligence on the part of the railroad company, for it was private property and not on the company's right of way.

5. Negligence—Issues.—An act of negligence not alleged in the complaint, considered, as testimony upon the point was introduced without objection.

Before Norton, J., Chester, March, 1890.

This was an action by William S. Barber, by his next friend, against the Richmond & Danville Railroad Company, lessee of the Chester & Cheraw Railroad Company, for an injury done to plaintiff by a moving train on the latter road on November 15, 1888. The action was commenced March 9, 1889.

At the close of plaintiff's testimony, the defendant moved for a non-suit, which was granted, the judge saying:

According to the proof, the defendant company here has been negligent in not ringing its bell or blowing its whistle for 500 yards before it came to that crossing; but that is a statutory negligence, and no one except those who are protected by the stat-

Mrs. Howze.

102 Steps.

McKeown's Store.

PUBLIC ROAD

TO ROCK HILL.

PUBLIC ROAD TO ROCKY MOUNT.

Hicklin's Store.

Cousar's Cotton Platform.

Cousar's Store.

28 steps.

Platform.

Wagon and Mules.

* 

11 ft. | 11 ft.

3 ft

Place of accident.

Hafner & Howze. 16 steps.

Platform 13 in. high.

25 Steps

58 Steps.

Hafner's Stables.

Hindman's Garden.

))) —— V To Lancaster.

ute are entitled to plead a want of care, the want of the performance of this statutory duty on the part of the railroad company. That is negligence, made so by the statute; but it is not negligence with reference to any except one upon a highway which is protected by that statutory provision. A man 60 yards from it, or 60 feet from it, as the case may be, is not protected by the statute.

In regard to who is protected, I am not aware that in this State any decision has been made upon that question. Decisions have been cited by counsel, from other States upon the question, and I think they concurred exactly with the intention of the legislature in making this enactment; that is, the highways must be publicly travelled ways, and travelled places, such as a private crossing of a railroad, which is made by the railroad company, at the instance of a private person, to pass from one part of his plantation to the other, is protected; but no other place except a public highway. The railroad should then give the notice that the public expects, blowing the whistle or ringing the bell for 500 yards before they come to it.

It could not be said to be negligence in the railroad company to have allowed a platform within 3 feet of the track, when the evidence is that they were not the owners of the ground upon which it is, not having acquired an easement upon the ground except for the road-bed itself; and that the persons who made these platforms were in no way under the control of the railroad company, and could not have been required to remove them. After the accident, it is true, they did remove them, upon the request of the railroad authorities; but that does not prove that there was negligence on the part of the railroad company in allowing the construction of a platform over which they had no control.

It isn't negligence, as the Supreme Court of this State has decided, if a railroad train be run at any rate of speed. Now, if there had been a crowd at this point through which the train had to pass, it might have been negligence to run into a crowd expecting the train to stop. There is no evidence to show, although there was frequent passing there, that there was a crowded street, or any place where it was more dangerous to run than upon the track any where else in the country; and it could not be negli-

gence in regard to this man, because the engineer couldn't see him in the back part of the store, 60 feet from the track, until he was opposite that door, and by that time he had struck the train. I believe the proof is that he struck the tender, showing that the engineer couldn't possibly have been negligent in not seeing this young man, and blowing the whistle to prevent the occurrence of this accident. The railroad could not be called negligent when a man runs from a house, where the engineer couldn't see him, against the train. The railroad company could only be negligent when it is doing something that a man of ordinary prudence would not have done, or omits to do something that a man of ordinary prudence would have done.

The motion for a non-suit is granted.

Plaintiff appealed on the following grounds, alleging error in: 1. His honor's holding that the acts of negligence fixed on the defendant by the evidence, did not cause the injury to the plaintiff. 2. His honor's holding that the place where the accident occurred was not a "travelled place" in the meaning of the statute. 3. His honor's holding that the defendant could only be held liable under the testimony, for accident directly on the crossing of the highways and the defendant's track. 4. His honor's refusal to submit to the jury the question, whether the acts of omission proven against the defendant, to wit, failure to sound a bell or blow a whistle for 500 yards before reaching the crossing near which the accident occurred; failure to slow up at the usual place of stopping to discharge passengers known to plaintiff to be on board; maintenance of a platform within three feet of the track, were the cause and occasion of the accident. 5. His honor's holding, that under the facts proven, the defendant owed no duty to the plaintiff to give a signal by bell or whistle of approach of the defendant's cars, or to slow up the cars, or to remove the platform from which the plaintiff fell.

*Mr. G. W. Gage,* for appellant.

*Mr. B. L. Abney,* contra.

September 18, 1891.    The opinion of the court was delivered by

MR. JUSTICE MCIVER.    This was an action to recover damages for injuries sustained by the minor, William S. Barber, through the alleged negligence of the defendant company. In the complaint the negligence complained of is stated as follows : that at a station on the railroad, called Bascomville, "the said William S. Barber was crossing the track of the railroad, well knowing that the locomotive and cars thereof, then about due, would stop to discharge passengers at the said station ; but the defendant carelessly and recklessly caused its locomotive and cars to pass rapidly over the track at said station and negligently omitted to slow up, or give a signal by bell or whistle while so approaching, though then crossing a public highway, by reason whereof the said William S. Barber was unaware of the approach, and by reason of the said negligence, and without any fault or negligence of the said William S. Barber, the locomotive struck him and threw him with great violence to the ground," whereby he sustained the serious injuries for which damages are claimed.

The plaintiff introduced testimony tending to show that the place at which the disaster occurred was not a regular, but a flag, station, where the trains did not usually stop except upon signal, unless they had passengers to discharge at that point ; that on the day when the accident occurred, there was a passenger on the east bound train to be put off at Bascomville, which was known to William S. Barber ; that young Barber, a youth of fifteen years of age, had gone to the station that morning, driving a team of mules, which he left in the open space between the public road to Rocky Mount and the railroad track. where persons visiting the station were accustomed to leave their teams, and had gone into the back part of the store of Hafner & Howze, in which the post-office was kept, for the purpose of warming his feet ; that the railroad track runs immediately in front of said store, within about three feet of the piazza or platform of the store ; that while at the fire young Barber heard the train approaching, and fearing that his mules would become frightened, started, with a companion, on a run, intending, as he said, to jump from the platform across the track—the road being narrow

gauge, three feet—so as to reach his team before the train came up; that when he reached the door of the store opening on the platform, he saw the train abreast of the platform, and tried to stop, attempting to catch hold of a post, but missing the post he fell against the tender of the engine, and the train passed over one of his feet, injuring it so severely as to render amputation necessary. For a proper understanding of the location, the diagram found in the "Case" should be embraced in the report of the case, from which it appears that the train had already crossed the public road leading to Rock Hill before the disaster occurred, and that it did not cross the public road leading to Rocky Mount at all—at least, near the Bascomville station—and that there was no public highway or street at the point where young Barber undertook to cross the railroad track.

The plaintiff also introduced testimony tending to show that the engineer in charge of the train failed to give the signals required by section 1483, when approacing the place where a railroad track crosses "any public highway or street or travelled place," the whistle not having been blown until the engine was abreast of Cousar's store, about 28 steps distant from the platform above mentioned. There was also testimony tending to show that persons were in the habit of stopping and hitching their teams in the open space in front of the stores of Hafner & Howze and Cousar, between the railroad track and the public road leading to Rocky Mount, and crossing the railroad track to reach those stores, in one of which the post office was kept; but there was no evidence that the defendant company either knew of or acquiesced in this habit of crossing its track at that place. The plaintiff also offered testimony, without objection, tending to show that since the accident occurred, the defendant company had cut off three feet from the platforms both of Hafner & Howze and of Cousar, making the distance now between the edges of the platforms and the railroad track six feet instead of three feet; but it also appeared from the testimony of the same witness that the defendant company owned only the road-bed at that point, and had nothing to do with erecting or maintaining those platforms within three feet of their track, and had to obtain permission from the owners to cut them off as above stated.

29—34

At the close of plaintiff's testimony, defendant's counsel moved for a non-suit, which was granted upon the ground that there was an entire absence of any testimony tending to show negligence on the part of the defendant company. The plaintiff appealed upon the several grounds set out in the record.

It seems to be conceded, and properly so, that the failure of the defendant to give the signals required by the section of the General Statutes above cited cannot avail the plaintiff, unless it appears that the disaster occurred at a point where the railroad track crosses a public highway or street or travelled place. *Neely* v. *Railroad Company*, 33 S. C., 136; *Hale* v. *Columbia, &c., R. R. Co.*, ante, 300. But it is contended that while the disaster did not occur at a public highway or street, yet it did occur at a "travelled place," and exception is taken to the construction placed upon those words by the Circuit Judge, that it must be a place where the public are authorized to travel, and that although persons were accustomed to cross the track for the purpose of reaching the stores and post-office, this would not constitute "a travelled place" in the sense of those terms as used in the statute, unless it was shown that the railroad company knew of and acquiesced in this use of its track. We do not think there was any error in the view taken by the Circuit Judge, unless, indeed, he went too far in favor of the plaintiff. It seems to us that the object of the statute was to protect persons in crossing railroad tracks at points where they had a right to do so, and not at points where they had no legal right to cross. We are not prepared, therefore, to admit that the mere fact that persons were in the habit of crossing a railroad track, with the knowledge of, and without objection from, the company, would constitute such a travelled place as is contemplated by the statute, unless the public had in some way acquired a legal right to cross at such point. See *Hale* v. *Columbia, &c., R. R. Co.*, referred to above.

But there is another view upon which the ruling of the Circuit Judge might be sustained. In *Glenn* v. *Railroad Company* (21 S. C., 470), it was held that it was not sufficient to sustain a case of this kind to show negligence, but there must be also some evidence showing that the injury complained

of was the result of such negligence; and the same doctrine was recognized in the case of *Petrie* v. *Railroad Company*, 29 S. C., at page 318.   Now, in this case while there was evidence of negligence in failing to give the statutory signals, which would have made the defendant liable if the disaster had occurred at a public highway or street or travelled place, provided it had been shown that the injury complained of resulted from such negligence; yet, as we have said, the disaster did not occur at any such place, and if it had, how could it be said that the injury was the result of such negligence, in face of the admitted fact testified to both by the party injured and by his companion, that young Barber knew that the train was not only approaching, but was near at hand, before he started from the fire.   The manifest object of requiring the signals is to give notice to persons crossing or wishing to cross a railroad track, in order that they may keep out of the way of an approaching train; but if they know of the approach of the train without any signal being given, where is the necessity for such signals, and how could it be said with any propriety that the failure to give them contributed in any way to the disaster?   The fact that the train was running rapidly—from 20 to 25 miles an hour—is no evidence of negligence in the absence of other circumstances.  *Zeigler* v. *Northeastern R. R. Company*, 7 S. C., 402.

The fact that the platform from which young Barber fell was within three feet of the railroad track cannot be a ground of imputing negligence to the defendant; for there is not only no testimony tending to show that the platform was either erected or maintained by the railroad company, but, on the contrary, plaintiff's own testimony shows that such was not the fact; that the company had nothing to do either with the construction or the maintenance of the platform; that it only owned the road-bed at that point, and had no control over the ground upon which the platform rested.   When, therefore, the company, probably with a view to prevent similar disasters, desired to cut off the platforms, so as to increase the distance between the track and the outer edge of the platforms, permission had first to be obtained from those who did own and control the platforms.

To avoid misapprehension, we desire to add that we have considered the question whether there was any evidence of negligence on the part of the company in allowing the platform to remain so near the track, although the complaint contains no allegation of negligence in that respect, because evidence was received *without objection* as to that point, and therefore, under the liberal provisions of the Code, it is possible that the complaint might be amended, even after verdict, so as to conform to the facts proved, by inserting an allegation to that effect. But we are not to be understood as disregarding the rule implied by the case of *Fell* v. *Railroad Company*, 33 S. C., 198.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.