EMPIRE MINING CO. v. PROPELLER TOWBOAT CO. OF SAVANNAH.

Jurisdiction—Removal of Causes.—The State Court has jurisdiction to render final judgment in a case by it first removed to United States Circuit Court on ground of diversity of citizenship, and by it remanded to the State Court, order of remand filed at once according to its terms, and case docketed therein, although United States Court afterwards reverses its order of remand before judgment by State Court.

Before Gary, J., Charleston, April, 1900.    Affirmed.

Action by W. B. Chisolm and E. B. Addison, carrying on business under name of Empire Mining Co., *v.* Propeller Towboat Co. of Savannah, for damages for loss of a barge and cargo in towing.    From judgment for plaintiff, defendant appeals.

*Messrs. Nathans & Sinkler,* for appellant, cite: *The C. C. of U. S. may vacate at the same term of the Court an order remanding a case to State Court:* 104 U. S., 415; 12 Wheat.,

9; 117 U. S., 665; 130 U. S., 301; 10 Pet., 480; 111 U. S.,
198. *Right to remove a cause for diversity of citizenship:*
24 U. S. Stat., 552; 25 U. S. Stat., 433; 133 U. S., 318; 144
U. S., 43; 157 U. S., 208; 27 Fed. R., 321; 37 Fed. R., 821;
75 Fed. R., 33. *The U. S. Court could vacate the order of
remand after its filing in State Court:* 18 Stat., 470; 137 U.
S., 457; 160 U. S., 556. *After time prescribed for filing
petition, C. C. U. S. may entertain jurisdiction on removal
on presentation of proper case:* 169 U. S., 92; 95 Fed. R.,
223.

*Messrs. Mitchell & Smith,* contra, cite: *The act of 1887,
as corrected by act of 1888, restricts and curtails the juris-
diction of Federal Courts:* 178 U. S., 229; 133 U. S., 319;
137 U. S., 451; 160 U. S., 556; 145 U. S., 444; 157 U. S.,
201; 175 U. S., 635; 73 N. W. R., 853; 160 U. S., 556; 169
U. S., 97. *Rehearing attempted by U. S. C. C. after order
for remand was made and executed, was nugatory:* 39 Fed.
R., 2. *After appeal decided and case remanded, appellate
Court has no jurisdiction:* 14 S. C., 584; 8 D. G. M. & G.,
584. *No such diversity of citizenship as is required for
removal:* 133 U. S., 315; 166 U. S., 395; 157 U. S., 201;
151 U. S., 129. *Fed. Courts on question of removal are
confined to record as appears in State Courts:* 169 U. S.,
101; 164 U. S., 271. *After reception of order of remand
and docketing of case in State Court, it was its duty to pro-
ceed:* 104 U. S., 5; 117 U. S., 430; 36 S. C., 260; 57 S. C.,
453. *After case was remanded, if defendant still desired
removal he should have filed second petition:* 169 U. S., 92;'
175 U. S., 635.

March 21, 1901. The opinion of the Court was deli-
vered by

MR. JUSTICE JONES. This action was for damages for
defendant's alleged negligence in towing plaintiff's barge in
Calebogia Sound, resulting in the sinking and loss of the
barge and cargo, valued at $3,047.66. The suit was com-

menced on November 22, 1898, by filing summons and complaint, and the issuance of a warrant of attachment against the defendant as a foreign corporation, under which attachment, on December 3, 1898, the sheriff of Beaufort County seized a steam towboat and other property of the defendant. On the 7th day of December, 1898, after an order for publication of the summons, the summons and complaint were personally served on the president of the defendant company.    On the 17th December, 1898, the defendant filed petition and bond for removal of the cause to the United States Circuit Court for the District of South Carolina, on the ground of diverse citizenship, and on the same day an order by the State Circuit Court was made, removing said cause.    The defendant filed no notice of appearance or other pleading in the United States Circuit Court, but gave notice by its counsel that it appeared in the United States Court only for the purpose of moving to vacate the attachment issued in said cause, and to set aside the summons and complaint herein; and thereupon gave notice of motion in the United States Circuit Court to vacate the attachment and set aside the summons and complaint, which motion was heard together with a motion on behalf of the plaintiff to remand the cause to the State Court.    Thereupon, on the 22d day of May, 1899, by an order of the United States Circuit Court, the cause was "forthwith" remanded to the State Court. On the same day, a certified copy of the said order of remand was filed in the State Court, and on same day an affidavit was filed that the defendant had neither appeared, demurred or answered, and the cause was placed on Calendar No. 3 for the June term, 1899, of the Court of Common Pleas for Charleston County.    Thereafter, on the 7th June, 1899, the defendant filed in this case in the State Court, a certified copy of an order of the United States Circuit Court, dated 7th June, 1899, vacating the said order of remand, and requiring the defendant to answer within five days, and that the cause be docketed in the United States Circuit Court.    Subsequently and in compliance with this order, the defendant filed

its answer in the United States Court.   This cause being on Calendar No. 3 at the March term, 1900, no demurrer, answer or notice of appearance having been filed or served by defendant, plaintiff's counsel in open Court, on 18th April, 1900, moved for judgment by default, and having put in testimony before the jury, a verdict was returned in favor of the plaintiff for $3,070.66, and an order indorsed on the complaint for judgment for that amount.   On the next day, the defendant's counsel appeared in Court and moved to set aside the verdict and order for judgment on the ground that the cause had been removed to the United States Circuit Court, and the State Court was without jurisdiction.   The motion was refused, and the appeal is now from the order refusing the motion to vacate the verdict and order for judgment.

The sole question presented is whether the proceedings in the State Court were void for want of jurisdiction, after the order of the United States Circuit Court vacating the order of remand.   We are of the opinion that the order of the United States Circuit Court vacating the order of remand after it was executed, could not operate to divest the State Court of jurisdiction.   The inherent powers of the United States Court to modify or vacate its order during the term in which it is made, is not doubted, provided the Court still has control of the proceedings, and the order has not been executed.   Under this limitation of the general rule, the United States Supreme Court will not grant a rehearing in a case which has been remitted to the Court below—*Browder* v. *McArthur,* 7 Wheat., 58; *Peck* v. *Sanderson,* 18 How., 42; nor will this Court grant a rehearing after the remittitur to the Circuit Court.   *Ex parte Dial,* 14 S. C., 584; *Ex parte Dunovant,* 16 S. C., 299.   We see no reason why this principle, which so generally applies to matters of rehearing in appellate jurisdiction, should not apply as between the United States Circuit Court and the State Circuit Court in the remand of causes by the former to the latter.   Ordinarily, the orders of a Court are not intended for execution

before the termination of the term of issuance, and the cause and proceedings are still within the custody or control of the Court; hence the reasons for the right to correct, modify or vacate orders during the term.    But in this case the order of remand by its terms was intended for execution before the expiration of the term, and was, in fact, executed according to its terms before the Court sought to vacate it. The moment the order of remand was executed by filing in the State Court, the jurisdiction of the Federal Court was yielded, and the jurisdiction of the State Court, which had been suspended by the removal to the Federal Court, was restored, or became again operative in the cause.    It was then not only the right but the duty of the State Court to proceed with the cause.    Some steps had been taken in the State Court after the filing of the order of remand and before the filing of the order vacating, and it is hardly conceivable that if judgment had been rendered in the interim, it would be void for want of jurisdiction, since jurisdiction was restored by the order of remand.    It being the duty of the State Court to accept the order of remand as final and proceed with the cause, its jurisdiction could in no wise be affected by the vacating order, which was made after the Federal Court had lost possession and control of the cause. The case did not require from this Court any expression of opinion as to the defendant's right of removal.    That right had been accorded him, and the cause in fact removed.    The Federal Court, charged by Congress with the duty to finally determine the question of removal and remand, has remanded the cause to the State Court, and this remand, under the circumstances, was final.

The judgment of the Circuit Court is affirmed.