10887

OSTEEN v. A. C. L. R. R. CO.

(112 S. E. 352)

1. REMOVAL OF CAUSES—ORDER OF DISTRICT JUDGE OF FEDERAL COURT REMANDING CAUSE TO STATE COURT HELD FINAL.—Under Judicial Code, § 28 (U. S. Comp. St. § 1010), the order of a district Judge of the Federal Court remanding a case to the State Court is absolutely final and unalterably determines that the State Court has jurisdiction.

2. REMOVAL OF CAUSES—REFUSAL BY A JUDGE OF A STATE COURT TO ORDER REMOVAL TO FEDERAL COURT NOT REVIEWED.—Where a Circuit Judge of the State Court refused to grant a motion ordering the removal of the cause to the Federal Court, and the Federal District Judge remanded the case to the State Court where it was tried, on appeal, the order of the Circuit Judge will not be reviewed.

3. REMOVAL OF CAUSES—ORDERS OF STATE COURT HELD TO HAVE NO EFFECT 'WHERE FEDERAL STATUTE COMPLIED WITH.—Where a petition discloses a removal cause, upon compliance with the Federal Statute the case is eo instante removed, and no order made or refused by the State Court can change its status.

4. APPEAL AND ERROR—RIGHT OF APPEAL NOT A VESTED RIGHT.— The right of appeal is not a vested right, but a matter of grace.

5. APPEAL AND ERROR—REFUSAL OF REQUESTS AS TO DUTY OF TRAVELER APPROACHING CROSSING HELD REVERSIBLE ERROR.—In an action against a railroad for damages resulting from the collision at a highway crossing between a truck and defendant's train, refusal of defendants requests to charge relative to the duty of a traveler approaching such a crossing which correctly stated the law was reversible error, where the matter was not covered by the instructions given.

Before Sease, J., and Memminger, J., Marion. Spring term, 1921. Reversed and remanded.

Action by W. E. Osteen against Atlantic Coast Line Railroad Co. Judgment for plaintiff and defendant appeals.

The defendants submitted the following requests to charge.

"I. I charge you that under the law, if a person is injured by a railroad train at a crossing, it does not neces-

sarily follow that such person is entitled to recover damages therefor. One so injured is entitled to recover only when it is shown by the preponderance of the testimony that the injury sustained was due to the negligence of the defendant as a proximate cause.

"II. I charge you that the law imposes upon every capable person the duty of observing due care for his own safety, and the safety of the property intrusted to his care, when about to cross a railroad track, which necessarily involves the exercise of his senses. The failure of the engineer to sound the whistle or ring the bell would not relieve a person about to cross a railroad track from the necessity of taking ordinary precautions for his own safety and the safety of property in his custody. Negligence of the employees of a railroad company in these particulars would be no excuse for negligence on the part of one so attempting to cross a railroad track.

"III. If you should find from the testimony in this case that plaintiff's agent, the driver of the truck, saw defendant's train fast approaching and attempted to cross immediately in front of same, when so to attempt to cross would be obviously dangerous to a person of ordinary prudence and care, I charge you as a matter of law that, even though defendant failed to give the signals required by statute, such acts on the part of the plaintiff's agent would constitute gross contributory negligence, and if such gross contributory negligence on the part of plaintiff's agent, combining and concurring with the negligence of the defendant, contributed to the injury of plaintiff's property as a direct and proximate cause thereof, and without which it would not have been sustained, your verdict must be for the defendant.

"IV. If you should find from the testimony in this case that plaintiff's agent, the driver of the truck, saw defendant's train fast approaching and attempted to cross im-

mediately in front of same, when so to attempt to cross would be an obviously dangerous, reckless, or wanton act to a person of ordinary prudence and care, I charge you as a matter of law that, even though the acts of a defendant in failing to give the signals required by statute or otherwise were willful, wanton, or reckless, such acts on the part of plaintiff's agent would constitute gross contributory negligence, recklessness, and wantonness, and if such gross contributory negligence, recklessness, and wantonness, on the part of the plaintiff's agent, combining and concurring with the willfulness, wantonness and recklessness of defendant as a proximate cause of the injury to plaintiff's property, and without which it would not have occurred, your verdict must be for defendant.

"V. Contributory negligence on the part of a plaintiff is a defense to negligence on the part of a defendant, and contributory willfulness, wantonness, or recklessness on the part of a plaintiff is a defense to willfulness, wantonness, or recklessness on the part of a defendant.

"VI. The object of the statute in requiring signals to be given by a train approaching a crossing is to warn those about to use the crossing of the approach of the train, but if one sees or hears a train approaching, without the signals having been given, and attempts to pass over immediately in front of such train, then it cannot be said that the failure to give the required signals was the proximate cause of any injury that may have been sustained by collision with the train at such crossing.

"VII. I charge you that the fact that a train is being run rapidly is no evidence of negligence in the absence of proof of other circumstances.

"VIII. As said by our Supreme Court, 'The law imposes upon every capable person the duty of observing due care for his own safety, when about to cross a railroad track, which necessarily involves the exercise of his senses;

and I charge you that the exercise of a party's senses includes both the doing of an act and the failure to do an act; that is, negligence may consist either of acts of omission or acts of commission.

"IX. If you find from the testimony that defendant's track, at the crossing upon which it is alleged plaintiff's property was damaged, was perfectly straight, and that a train approaching from either direction could be easily seen and heard by the exercise of the slightest degree of care, such as a mere turning of the head and looking, or merely pausing and listening, and it would be obviously dangerous, reckless, and wanton to a person of ordinary prudence and care for a person to attempt to cross the railroad track without exercising such precautions, such failure on the part of one so attempting to cross would constitute gross negligence, recklessness, and wantonness, and I charge you, if you find from the testimony that plaintiff's agent so attempting to cross defendant's track, and plaintiff's property, in his custody, was damaged thereby, that plaintiff's agent was guilty of gross contributory negligence, recklessness, and wantonness, and if such gross contributory negligence, recklessness, and wantonness on the part of plaintiff's agent combining and concurring with the negligence, recklessness, willfulness and wantonness of defendant, produced the injury to plaintiff's property as a direct and proximate cause thereof, and without which the injury would not have been sustained, your verdict must be for the defendant.

"X. One failing to observe the slightest care for his own safety and that of property in his custody, in looking or listening for approaching trains when driving upon a crossing, is guilty of gross negligence.

"XI. Even if you find from the evidence that the defendant was negligent or willful in the particular alleged in the complaint, plaintiff must show by the preponderance or the greater weight of the evidence that such negligence or

willfulness was the direct and proximate cause of the alleged injuries complained of by plaintiff and without which they would not have occurred; and if it has not been so proven by the preponderance or greater weight of the evidence, then your verdict must be for the defendant.

"XII. If you find from the evidence that the plaintiff failed to exercise due care for the safety of himself and his property, and if such failure amounted to gross negligence and contributed to his alleged injuries as a proximate cause thereof and without which they would not have occurred, then the plaintiff cannot recover, even though you find that the defendant was negligent, but not willful.

"XIII. Contributory negligence is not a defense to willfulness, but if you find from the evidence that plaintiff's agent consciously failed to exercise due care for the safety of himself and the property in his charge, or that his negligence was so gross as to amount to recklessness or willfulness, and that the same contributed as a proximate cause of the accident and without which it would not have occurred, then your verdict must be for the defendant, even if you find from the evidence that the defendant was willful, reckless, or wanton.

"XIV. I charge you that, where the issues in any case are negligence on the part of the defendant and gross contributory negligence on the part of the plaintiff, you cannot compare the negligence of the two parties and then determine your verdict according to such comparison; but, even though negligence be proven on the part of the defendant, if the slightest gross contributory negligence be proven on the part of the plaintiff which operated as a proximate cause of the injury and without which it would not have occurred, such gross contributory negligence will defeat a recovery.

"XV. I charge you that, where the issues in any case are willfulness on the part of the defendant and contributory

willfulness on the part of the plaintiff, you cannot compare the willfulness of the two parties and then determine your verdict according to such comparison, but even though willfulness be proven on the part of the defendant, if the slightest contributory willfulness be proven on the part of the plaintiff which operated as a proximate cause of the injury and without which it would not have occurred, such contributory willfulness will defeat a recovery.

"XVI. Negligence is the failure to exercise that degree of care which a person of ordinary reason and prudence would have exercised in the same circumstances; and if you find from the evidence that the defendant used such care upon the occasion alleged in the complaint, and was not willful or reckless, then your verdict must be for the defendant.

"XVII. It does not follow that one party must respond in damages to another merely because an injury has been sustained, for the reason that no action will lie for injuries attributable to what is termed inevitable or unavoidable accidents; and in such cases the law does not exact a compensation and the loss or injury will be allowed to remain where it has fallen.

"XVIII. Any unforeseen event, misfortune, loss act, or omission resulting solely from the operations of human agency which is not caused by negligence or misconduct may be defined as an unavoidable accident. The correct standard to be applied to occurrences of this character is the conduct of a person of ordinary reason and prudence under similar circumstances; and if you find from the evidence that the collision alleged in the complaint was an unavoidable accident, then your verdict must be for the defendant.

"XIX. The plaintiff is bound by the allegations of his complaint, and he has chosen in the seventh paragraph of his complaint to allege the acts of negligence upon which he seeks to base a recovery against the defendant in the alter-

native. He has alleged: 'That but for said embankment, its driver would have seen the engine and cars and avoided the accident.' I charge you that he is bound by this allegation, and that, if you find from the testimony that said embankment did not, or would not, obstruct the view of a man of reasonably good eyesight, exercising ordinary prudence and care, plaintiff cannot recover, and your verdict must be for the defendant.

"XX. He has further alleged; 'If the crossing and approaches to same had been in proper condition, the truck would have passed over in safety.' I charge you that he is bound by this allegation, and that if you find from the testimony that plaintiff has failed to etsablish, by the preponderance thereof, that the crossing and approaches to same were not in proper condition, he cannot recover, and your verdict must be for the defendant."

The general charge was as follows:

"Mr. Foreman and gentlemen of the jury, in order to understand the controversy which you have before you for settlement, it will be necessary for the Court to read to you certain statutes of our State which have been referred to by the lawyers throughout the discussion of the whole matter. Now the first one is Section 3222 of volume 1 of the Code, which is as follows: [The Court read the section to the jury, which has reference to signals at crossings.]

"The next one is Section 3230, which reads as follows: "If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this chapter, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment, as provided in the preceding section, unless it be shown that, in addition to a mere want of ordinary care, the person injured, or the person having

charge of his person or property, was, at the time of the collision, guilty of gross or willful negligence, or was acting in violation of the law; and that such gross or willful negligence or unlawful act contributed to the injury.' I add the words: 'as a proximate cause thereof.' The failure of the giving of the signals must have been a proximate cause of the injury.

"Section 3288 in the same volume reads as follows: 'A railroad corporation whose road is crossed by a highway or other way on a level therewith shall, at its own expense, so guard or protect its rails by plank, timber or otherwise as to secure a safe and easy passage across its road; and if, in the opinion of the county board of commissioners, or if such highway or other way be within the corporate limits of any city, town or village, then the proper municipal authorities thereof, any subsequent alteration of the highway or other way, or any additional safeguards, are required at the crossing, they may order the corporation to establish the same.'

"Now under all those statutes you come to the consideration of what are the points at issue in this case here on behalf of Mr. Osteen, who is the plaintiff, claiming to be the owner of this truck and crates of Chero-Cola loaded thereon. He claims that he has sustained the loss of that truck and that property thereon by reason of the failure of the railroad company to comply with the law in two particulars. One is as to the nature of the crossing, that it was not such a reasonably safe crossing as is required by this statute, and that by reason of not being a reasonably safe crossing an automobile driven by the man you saw here was caused to come in collision with the railroad train, and the consequent damage that resulted therefrom was the proximate cause thereof. That is one of the causes upon which he bases claims against the railroad. He claims that the failure to keep the crossing in a reasonably safe condition, a reasonably safe crossing, was the proximate cause

of his injury, and that he is consequently entitled to damages for the injury.

"Now, he not only claims that the railroad company did not keep that crossing in a condition required by the statute, but that that failure to comply with that statute was a willful, wanton, and reckless act, as a result of which not only actual damages accrued to him, but punitive damages also, unless some of the defences interposed would defeat that recovery, to which we will refer later.

"Then comes the other claim to recover. He claims that this railroad did not give the signals required by law which I have read to you; that is, failed to sound the whistle or ring the bell and keep one or the other continuously sounding or continuously ringing, starting at this 500 yards beyond the crossing and continuously keeping it up until the railroad engine had passed the crossing, and that that failure was a proximate cause of bringing on the injury to his property. And he claims that they not only failed in that particular, but that it was a willful, wanton, and reckless failure on their part; that at the hands of the engineer in control devolved the duty that is required by law in reference to giving those signals in approaching a crossing; that he was conscious of it and failed to perform it; that in such failure he acted in a grossly reckless manner, utterly disregardful of parties having the right to cross there at that crossing; and that his conduct would come under the definition of the word 'wanton.' So if that kind of conduct be shown, if that failure be shown to be either willfulness or conduct amounting to willfulness, then that punitive damages should be given as well as actual damages, if that was the proximate cause bringing about the injury to his property. These are the burden of the claims he makes in this complaint. He sets out in detail exactly what he does claim in this paper, which you will have in the jury room

with you, which you can go over and see what he does specify.

"Now, both the engineer and the railroad are here to answer these alleged wrongs. Therefore there are two answers put in, one on behalf of the engineer and one on behalf of the railroad. [The Court here read the answer of the railroad company.]

"The answer of the engineer is practically the same statement that has been read to you in the other answer.

"You have seen from the pleadings that the alleged injury, it is claimed, occurred where the railroad crossed a public highway.

"The claim on behalf of the plaintiff for injury to his truck and contents is based on two claims of negligence on the part of the railroad. The first is as to the condition of the crossing; the second is the failure to give the signals required by law. Now, the plaintiff must satisfy you by the greater weight of the testimony that either one or both of these specifications have been made out, and that whichever specification was made out was a proximate cause of bringing about the injury to his truck and contents. That is what he must go forward and prove in order to make out the basis of his case. If the jury find that he has not made out any of the acts of alleged negligence complained of in his complaint or none of them contributed to his injury as a proximate cause, his case falls to the ground; but if he has made it out and it was not at a crossing, and the jury also find that the defendants, the railroad and the engineer, were guilty of what we call contributory negligence—that is, failure to exercise due care—then we set the one against the other, and there could be no recovery, because contributory negligence—that is, negligence which combines and concurs to bring about as a proximate cause—combines with the negligence of the party who is charged with being responsible for the damages, and when

those two things exist at an ordinary point on a railroad track the plaintiff would not be entitled to any damages if the jury found he was also guilty of negligence. But at a crossing the case is different. The difference is this: The party seeking the damages is entitled to get those damages if he proves negligence on the part of the railroad in any of the particulars charged as the proximate cause unless he himself is shown by the railroad to have been guilty, not of mere negligence, not of mere failure to exercise due care, but, in addition to the mere want of ordinary care, that the person injured was, at the time of the collision, guilty of gross negligence or acting in violation of the law. The idea is this: That where a public highway crosses a railroad, a person using the highway has the same rights in that crossing as well as the railroad has the right to cross it, and whereas at other places a person who fails to exercise due care for his own safety is not entitled to any damages if he is injured, because he has not exercised due care, yet at a crossing, as the law gives him the right to use that crossing as well as the railroad to cross it, and fixes what the railroad must do in giving signals when approaching that crossing, he must not be defeated from getting damages just for mere negligence on his own part. The law comes in and says he has greater rights than at an ordinary place, and that his right of recovery, if he gets injured on that crossing, is not to be defeated unless he himself is guilty of gross or willful negligence or acting in violation of the law. So if you find in this case that this railroad company was guilty of negligence, failed to exercise due care required in either of the particulars in reference to this complaint, and the negligence contributed to bring about this man's injury, and that this man, the truck driver, was guilty of negligence himself, failed to exercise due care for himself, that would not defeat him of his recovery. The railroad has to show that

not only he did not exercise due care, but that his negligence was of a willful or gross character or that he was guilty of violation of the law.

"Now negligence is the want of due care. Due care requires a man to exercise reasonable, ordinary care, and the failure to exercise the sligthest degree of care would amount to gross or willful negligence. It is for you to say what proof has been brought forward on this subject. It is not for the Court to say what would constitute gross negligence on the part of a person going over a crossing, or approaching or intending to go over a crossing. One of the lawyers argued to you here that by the railroad putting up a sign, 'Stop! Look! Listen!' that that is a mandate to the public, and that a failure to stop, look and listen was gross negligence of itself. That is not the law, nor common sense. The law gives the railroad no such right to demand of a man what he must do before going over a public crossing of a highway. It is for the jury to say, under all the facts and circumstances of the case, what a man should do under all those circumstances in the exercise of the slightest degree of care, because that is all the law requires in going over a crossing where a highway crosses a railroad; and, if the jury finds that he failed to exercise the slightest degree of care, he would be guilty of gross negligence and be deprived of the slightest damages even though the railroad had been proved guilty of negligence.

"But if the conduct of a party has been shown to have been willful, wanton, and reckless, amounting to the extent of willfulness, through conscious violation of the law or implied violation of the law, grossly reckless conduct, that would not give the railroad the right to run over him at a crossing, even if he was not using any care at all. Suppose, for instance, a railroad train approaching a crossing and seeing a man lying dead drunk on the

crossing; would that give them any right, because he was failing to exercise any care whatever, to run over him and kill him? The law does not say that. The law says, if he is guilty of gross negligence, willful negligence or acting in violation of the law, then the railroad would be exonerated, even though the railroad was guilty of negligence. So you see the distinction that is made at a crossing and at other places along a railroad.

"Now, it is all a question for you to say whether or not the plaintiff here, suing for damages, has shown that the railroad was guilty of not exercising due care, which would be negligence, and the failure to comply with any of these statutes, which would be *prima facie* evidence of negligence, negligence *per se*, failure to comply with these statutory requirements constituting negligence, and if it was a proximate cause of the injury, and not overcome by the evidence to show that they exercised due care, evidence established under the rules of law, then that is enough to establish liability against the railroad company.

"Now, there are some complications in this case which I must call your attention to. You will note here two specifications of negligence charged. The first is the alleged bad condition of the crossing. If you find that part of the case to be made out and no defense to be made out against it, and that the plaintiff is entitled to recover on that ground, to wit, the bad condition of the crossing, then your verdict would be against the railroad only, because the engineer has nothing to do with the condition of the railroad crossing; and your verdict would be solely against the railroad, and you would let the engineer absolutely out of it. But, if you base your verdict on the charge in reference to the violation of these statutes, negligence on the part of the railroad, willful and wanton conduct on the part of the railroad company as

set forth in this complaint, then your verdict must be against both the railroad company and the engineer. The railroad company acts through its agent and, if you find against the railroad only, predicated upon negligence of the operation of the engineer, that would be wholly illogical. The railroad company, if liable in that case, is liable through its agent, the engineer. He is in charge of the operation of the train which he is charged here with having done in a wanton, wicked, and reckless manner. In that case the verdict must be against both parties; the act of the one is the act of the other.

"If it comes to the question of punitive damages, damages in addition to actual damages, your verdict would be predicated on the conduct of the engineer in the operation of the train, and not upon the nature of the crossing, and you can measure out a different amount of punitive damages as to the engineer and a different amount as to the railroad because the object of punitive damages is to punish, is to make an example, and operates as a fine. It takes a very much larger amount in the case of a railroad than it does against an engineer.

"Now, there is one other point I want to read to you before I take up the requests to charge. You heard counsel ask me this morning to take that issue away from the jury, although there was some evidence of failure to comply with the statutory signals. It is a matter for you, gentlemen—all of the evidence. I read from *Callison v. Charleston & W. C. R. Co.,* reported in 106 S. C. 123, 90 S. E. 260: 'The failure of a railroad company to give the signals required by statute at a public crossing is negligence *per se.* Moreover, it is sufficient to warrant a reasonable inference of recklessness, willfulness, or wantonness, and therefore sufficient to carry that issue to the jury. No doubt, in some instances it may be the result of mere inadvertence; if so, it would be negligence only; but, when

the positive command or prohibition of a statute is violated
or disobeyed, it is deemed sufficient to require submission
to the jury of the question whether under all the circum-
stances it was the result of mere inadvertence, or of in-
difference to the rights of those who travel the highways,
or conscious failure to be careful for their safety.  The
reason upon which the rule is based is that, when any-
thing is commanded or prohibited by legislative authority,
every one is conclusively presumed to know it and is bound
to act accordingly, and, the matter having been brought
to his attention in such a solemn and impressive way, his
violation or disobedience cannot be entirely excused, and
therefore, it amounts at least to negligence; and, while it
may be negligence only, it is also enough to warrant a
reasonable inference that it was due to indifference to the
command or prohibition, or to a conscious disregard there-
of, and of the rights of those intended to be safeguarded
thereby.  True, the facts and circumstances may repel such
an inference, but it is for the jury to decide whether they
do or not, unless the evidence is susceptible of but one
inference.'

"The defendant, the railroad company, has submitted
these requests to charge you:

"(1)  (Reads request.)

"The Court: That is correct; I charge you that.

"(2)  (Reads request.)

"The Court: I cannot understand how that can be sub-
mitted as a proposition of law, because the statute simply
says that in order to defeat the recovery of one crossing
a railroad track at a public crossing that he must be guilty
of gross or willful negligence or violation of law, and yet
this request asks me to charge you that, if he is guilty of
mere negligence, he cannot recover at a railroad crossing
where he is injured by the negligence of the railroad.  Of
course, I cannot charge that.

"(3) (Reads request.)

"The Court: I am asked in this request to charge you 'as a matter of law that, even though defendant failed to give the signals required by statute, such acts on the part of the plaintiff's agent would constitute gross contributory negligence.' I have amended that by interlining the words 'it would be for the jury to say if,' so that it would read: 'I charge you as a matter of law that, even though defendant failed to give the signals required by statute, it would be for the jury to say if such acts on the part of plaintiff's agent would constitute gross contributory negligence.' With that qualification I charge you that request.

"(4) (Reads request.)

"The Court: That contains statement of facts which are for the jury. I cannot charge that request.

"(5) (Reads request.)

"The Court: That is really unintelligible to the Court, and I cannot charge it.

"(6) (Reads request.)

"The Court: There is another attempt to try to get the Court to define to you a given state of facts not to be responsible in damages. The Court cannot do that.

"(7) (Reads request.)

"The Court: That is correct. I charge you that..

"(8) (Reads request.)

"The Court: I charge you that.

"(9) (Reads request.)

"The Court: I cannot charge you that, because that is based on a given state of facts.

"The Court: I think these requests to charge were prepared for another case.

"Mr. Buck: 'No, sir; they were prepared especially for his case.

"(10) (Reads request.)

"The Court: That is predicated upon a statement of facts, and I cannot charge you that.

"(11)   (Reads request.)

"The Court: That is correct.

"(12)   (Reads request.)

"The Court: That is correct, and I so charge you.

"(13)   (Reads request.)

"The Court: That is correct, and I charge you that.

"(14)   (Reads request.)

"The Court: That is what the statute says, and is therefore correct.

"(15)   (Reads request.)

"The Court: That is correct.

"(16)   (Reads request.)

"The Court: That is correct.

"(17)   (Reads request.)

"The Court: I charge you that as correct.

"(18)   (Reads request.)

"The Court: I charge you that.

"(19)   (Reads request.)

"The Court: I charge you that after adding 'unless he has made out some other of his specifications charged in his complaint.'

"(20)   (Reads request.)

"The Court: That would be correct unless he has made out some other of his specifications."

The defendant's exceptions were as follows:

"(1) Because the Court erred, it is respectfully submitted, in refusing the motion of the defendant Atlantic Coast Line Railroad Company for an order removing the case to the District Court of the United States for the Eastern District of South Carolina, the error being that, under the facts alleged in the complaint and petition for removal, the plaintiff and said defendant were citizens of different States, the necessary jurisdictional amount was involved, and a separable controversy existed between them with which the co-defendant engineer was in

no way concerned, and the defendant railroad company was entitled to have the cause removed and such separable controversy determined in said District Court of the United States.

"(2) Because the Court erred, it is respectfully submitted, in refusing to hold that under the facts alleged in the complaint and in defendant railroad company's petition for removal a separable controversy existed between the plaintiff and the defendant railroad company, that the State Court had no jurisdiction to try such controversy, and that, as a matter of law, the defendant railroad company was entitled to have the case removed by reason of such separable controversy to the District Court of the United States.

"(3) Because his Honor erred, it is respectfully submitted, in permitting plaintiff's witness, Luther Rodgers, over the objection of defendant, to testify that he had notified defendant's station agent at Latta, H. M. Cox, of the condition of the crossing, his Honor ruling that the testimony was admissible on the question of willfulness. It is respectfully submitted that it is no part of the duty of a railroad station agent to repair or inspect the track of a railroad, or to report the condition thereof; that there was no evidence tending so to show; that, to be competent, the evidence must show that the notice was given to an employee or an official who was charged with the duty of maintaining, inspecting, or reporting the condition of the track; and that the admission was highly prejudicial to defendant, for by the ruling of his Honor it was made the basis for punitive damages, which were awarded by the jury in the sum of $500.00.

"(4) Because his Honor erred, it is respectfully submitted, in charging the jury: 'One of the lawyers argued to you here that by the railroad putting up a sign "Stop! Look! Listen!" that that is a mandate to the public, and

that a failure to stop, look, and listen was gross negligence of itself. That is not the law nor common sense. The law gives the railroad no such right to demand of a man what he must do before going over a public crossing of a highway'—the error being as follows:

"(a) Neither of the counsel for the defendant had so argued to the jury, but one of counsel for defendant had called the attention of the jury to the sign, in form prescribed by statute, shown in one of the photographs, and had argued that the sign was a signal of danger warning those about to cross over the railroad track to guard against danger from approaching trains.

"(b) That this charge entirely disregarded Section 3223 of Volume I of the Civil Code of 1912, wherein railroad crossings are required to be marked by a sign elevated so as to be easily seen by travelers and have printed thereon in large letters the words 'Railroad Crossing,' and the other statute which makes the erection of a similar sign along a highway by other than a railroad a misdemeanor.

"(c) Because this charge ignored the evident legislative intent in requiring railroads to give' warning.

"(d) Because under the law, one who approaches a railroad crosing is bound to stop, look, and listen, if by doing so he could see the approach of a train, and thus avoid danger, and if it would be an obviously dangerous thing under the circumstances for a person of ordinary prudence and care to so fail to stop, look, and listen.

"(5) Because his Honor erred, it is respectfully submitted, in charging the jury: 'But if conduct of a party has been shown to have been willful, wanton, and reckless, amounting to the extent of willfulness, through conscious violation of the law or implied violation of the law, grossly reckless conduct, that would not give the railroad the right to run over him at a crossing, even if he was not using any care at all. Suppose, for instance, a railroad train ap-

proaching a crossing and seeing a man lying dead drunk on the crossing; would that give them any right, because he was failing to exercise any care whatever, to run over him and kill him? The law does not say that. The law says, if he is guilty of gross negligence, willful negligence, or acting in violation of the law, then the railroad would be exonerated, even though the railroad was guilty of negligence. So you see the distinction that is made at a crossing and at other places along the railroad'—the errors being, it is respectfully submitted:

"(a) That this charge deprived this defendant of its defense of gross contributory negligence or conscious violation of the law on the part of plaintiff's driver given it under the statute, in case the jury found that the defendant was guilty of negligence, and not of willfulness, wantonness, or recklessness.

"(b) Because this charge deprived the defendant of its defenses of contributory willfulness, wantonness, or recklessness on the part of the plaintiff's driver, if the jury found that it was likewise guilty of willfulness, wantonness, or recklessness.

"(c) Because the illustration used incorrectly states the law and deprived the defendant of its defense of gross contributory negligence and of contributory willfulness.

"(d) Because the illustration therein used states what acts of the plaintiff would not, under the circumstances therein stated, be a defense and was an invasion of the province of the jury.

"(e) Because this charge was confusing, misleading, and highly prejudicial, and amounts to a charge that defendant would be liable if the jury concluded that it was negligent regardless of whether or not the acts of the driver of the plaintiff's truck in going upon the track were grossly negligent, willful, wanton, or reckless.

"(f) Because his Honor attempted to distinguish between the liability of a railroad for injury caused to one at a

crossing and one at another point on its track, when all of the evidence shows that the injury was sustained at a crossing, and it is respectfully submitted that the distinction sought to be made by his Honor was erroneous and that it deprived defendant of its plea of gross contributory negligence and its plea of contributory willfulness, wantonness, and recklessness on the part of the driver of plaintiff's automobile truck.

"(6) Because his Honor erred, it is respectfully submitted, in charging the jury as follows: 'Now, it is all a question for you to say whether or not the plaintiff here, suing for damages, has shown that the railroad was guilty of not exercising due care, which would be negligence, and the failure to comply with any of these statutes, which would be *prima facie* evidence of negligence, negligence *per se,* failure to comply with these statutory requirements constituting negligence, and if it was a proximate cause of the injury, and not overcome by the evidence to show that they exercised due care, evidence established under the rules of law, then that is enough to establish liability against the railroad company'—because by so charging his Honor charged that the defendant would be liable if the jury found it was negligent, regardless of whether or not the driver of plaintiff's truck was grossly negligent, willful, wanton, or reckless, thus depriving defendant of its plea of gross contributory negligence, and of its plea of contributory willfulness, wantonness and recklessness.

"(7) Because his Honor erred, it is respectfully submitted, in charging the jury: 'If it comes to the question of punitive damages in addition to actual damages, your verdict would be predicated on the conduct of the engineer in the operation of the train, and not upon the nature of the crossing, and you can measure out a different amount of punitive damages as to the engineer and a different amount

as to the railroad, because the object of the punitive damages is to punish, is to make an example, and operates as a fine. It takes a very much larger amount in the case of a railroad than it does against an engineer'—it being respectfully submitted that there was no evidence as to the wealth of either the defendant Atlantic Coast Line Railroad Company or the defendant its engineer, and that this was a charge upon the facts in violation of the Constitution.

"(8) Because his Honor erred, it is respectfully submitted, in modifying defendant's third request to charge, it being respectfully submitted that same contained a correct proposition of law, and the request does not assume as a fact any matter in issue, and made the test that of a person of ordinary prudence and care. It is respectfully submitted that, if the jury had found the driver of plaintiff's truck saw defendant's train fast approaching and attempted to cross immediately in front of same, when so to· attempt to cross would be obviously dangerous to a person of ordinary prudence and care, such an act on the part of the driver of plaintiff's truck would, as a matter of law, constitute gross contributory negligence on the part of plaintiff's agent, and it should not have been left to the jury to say that such acts would constitute gross contributory negligence.

"(9) Because his Honor erred, it is respectfully submitted, in refusing to charge defendant's fourth request, it being respectfully submitted that it contains a correct· proposition of law, does not assume as a fact any matter in issue, and was based on possible findings of the jury, with the test what a person of ordinary prudence and care would have done under the circumstances, and that the principle of law contended for in this request was not placed before the jury in any instructions elsewhere given.

"(10) Because his Honor erred, it is respectfully submitted, in refusing to charge defendant's sixth request,

it being respectfully submitted that it contains a correct proposition of law, does not assume as a fact any matter at issue, and was based on possible findings of the jury, with the test what a person of ordinary prudence and care would have done under the circumstances, and that the principle of law contended for in this request was not placed before the jury in any instructions elsewhere given.

"(11) Because his Honor erred, it is respectfully submitted, in refusing to charge defendant's ninth request, it being respectfully submitted that it contains a correct proposition of law, does not assume as a fact any matter in issue, and was based on possible findings of the jury, with the test what a person of ordinary prudence and care would have done under the circumstances, and that the principle of law contended for in this request was not placed before the jury in any instructions elsewhere given.

"(12) Because his Honor erred, it is respectfully submitted, in refusing to charge defendant's tenth request, it being respectfully submitted: (a) That it contains a correct proposition of law, does not assume as a fact any matter in issue, and was based on possible findings of the jury, with the test what a person of ordinary prudence and care would have done under the circumstances; (b) that the request, as framed, is but a definition of gross negligence, and was not a charge upon the facts; (c) that the principle of law contended for therein was not placed before the jury in any instructions elsewhere given.

"(13) Because his Honor erred, it is respectfully submitted, in refusing defendant's fifth request to charge and declaring in the presence of the jury that it was 'really unintelligible,' it being respectfully submitted that the request as preferred contains a simple, concise, intelligible, and applicable statement of the law, and the refusal to charge it and to characterize it as 'unintelligible' greatly prejudiced this defendant to its injury.

"(14) Because his Honor erred, it is respectfully sub-mitted, in modifying defendant's nineteenth request to charge, because, as therein stated, plaintiff as a matter of law, was bound by the allegations of the complaint, and, he having alleged 'that but for said embankment its driver would have seen the engine and cars and avoided the acci-dent,' he was bound thereby, and, unless he had proven the allegation by the greater weight or preponderance of the tes-timony, he would not have been entitled to recover, even though he had made out the other specifications alleged in the alternative in the complaint.

"(15) Because his Honor erred, it is respectfully sub-mitted, in modifying defendant's twentieth request to charge, it being respectfully submitted that same con-tains a correct proposition of law; that plaintiff was and is bound by the allegations of the complaint, and when he alleged, 'If the crossing and approaches to same had been in proper condition, the truck would have passed over in safety,' he was bound thereby, and, upon his failure to prove the allegation by the greater weight or preponder-ance of the testimony, he could not recover, even though plaintiff offered evidence in proof of the other specifica-tions of negligence. It is respectfully submitted that, when he alleged that but for any alleged delict upon the part of the defendant the injury would not have been sustained, he is bound thereby, for this allegation precludes the idea that any other delict caused his injury.

"(16) The Court erred, it is respectfully submitted, in generally charging the jury so as to indicate a prejudice and bias on the part of the Court against this defendant to its injury."

*Messrs. Henry E. Davis and Henry Buck,* for appellant, cite: *What is a separable controversy?* 169 U. S. 92; 179 U. S. 131; 200 U. S. 206; 200 U. S. 221; 217 U. S. 209; 229 U. S. 102; 215 U. S. 308; 220 U. S. 413; 243 U. S.

302; 243 U. S. 422; 112 U. S. 192; 103 U. S. 205; 104 U. S. 407; 106 U. S. 191; 114 U. S. 52. *How determined*: 132 U. S. 599; 200 U. S. 206; 200 U. S. 221; 217 U. S. 209; 239 U. S. 421; 131 Fed. 985; 195 Fed. 913; 110 Fed. 803; 112 S. C. 71. *Notice of condition of crossing to station agent who had nothing to do with its upkeep, was improperly admitted*: 21 Cyc. 1587; 2 C. J. 863; 63 S. C. 559; 74 S. C. 222; 77 S. C. 39; 10 Rich. 293; 33 S. C. 451; 46 Am. St. Rep. 595. *Crossing signals*: 1 Civ. Code 1912, Sec. 3230; 78 S. C. 537. *Contributory negligence available as defense*: 57 Fed. 551; 109 S. C. 78; 78 S. C. 374. *Test of charge on the facts*: 81 S. C. 100; 86 S. C. 143; 98 S. C. 338.

*Messrs. J. W. Johnson and L. M. Gasque,* for respondent, cite: *Separable controversy*: 103 U. S. 336; 112 U. S. 693; 106 U. S. 194; Moon Rem. of Causes, par. 140; Hughes Fed. Proc. 302; 72 Fed. 2; 105 U. S. 576; 20 Fed. 449; 80 Fed. 949; 85 Fed. 876; 72 Fed. 637; 82 Ga. 297; 179 U. S. 131; 169 U. S. 92; 220 U. S. 526; 108 U. S. 130; 197 U. S. 335; 179 U. S. 131; 144 U. S. 527; 194 U. S. 136; 68 S. C. 55; 91 S. C. 273; 243 U. S. 422; 243 U. S. 302; 665 S. C. 332; 65 S. C. 341; 130 Fed. 302. *Proof of notoriously bad condition of crossing*: 81 S. C. 33. *Crossing accidents*: 78 S. C. 542.

May 11, 1922.

The opinion of the Court en banc was delivered by Mr. Justice Cothran.

Action for $3,500 damages on account of the destruction of a truck belonging to the plaintiff by collision with a train of the defendant at a highway crossing.

Within due time the defendant filed petition and bond for removal to the Federal Court, and made a motion before Hon. T. S. Sease, Circuit Judge, for an order removing the case to the Federal Court. The ground

upon which the defendant sought to remove the case was that it appeared in the complaint that a separable controversy existed between the railroad company and the plaintiff, with which the codefendant engineer was not concerned. Judge Sease signed an order refusing the motion upon the ground that the complaint did not state such separable controversy. Thereupon the defendant filed a certified copy of the record with the clerk of the District Court of the United States. Thereafter the plaintiff made a motion before Judge Smith, of the Federal Court, for an order remanding the case to the State Court, which he granted. The case then came on for trial in the Court of Common Pleas for Marion County, before Judge Memminger and a jury, and resulted in a verdict of $2,500 in favor of the plaintiff. The defendant railroad company, which was solely affected by the verdict, appeals.

The appeal involves, first, the correctness of Judge Sease's order refusing to remove the case to the Federal Court.

Section 28 of the Judicial Code (U. S. Comp. St. 1-4 § 1010) in most unequivocal terms makes the order of a District Judge of the Federal Court remanding a case to the State Court absolutely final—not only final so far as an immediate appeal is concerned, but final even upon writ of error or certiori to the State Court from the United States Supreme Court after final judgment in the State Court against the defendant. This is conceded by the defendant, which disavows any purpose in this appeal to review the order of Judge Smith remanding the case. But it insists upon its right to review the order of Judge Sease, of the State Court, refusing to remove the case. The defendant was under no obligation to make the motion before Judge Sease. As a matter of courtesy to the State Court, the motion was entirely proper, but, if the petition disclosed a removable case, it was, upon com-

pliance with the Federal Statute *eo instante* removed to the Federal Court, and no order made or refused by the State Court could charge that status. It must be conceded that, if this Court should reverse the order of Judge Sease, it would be tantamount to reversing the order of Judge Smith, which, as has been seen, was final for all purposes. It would be remarkable if the defendant, by making a motion which it was under no obligation to make, should secure the right to review an order which the Federal statute declares to be final. The right of appeal is not a vested one, but a matter of grace, and in this instance it has been explicitly denied in every conceivable form, writ of error, certiorari, mandamus, or otherwise.

It is accordingly unnecessary to consider whether the complaint states a separable controversy or not; the jurisdiction of the State Court is unalterably fixed by the order of Judge Smith remanding the case. *Empire Co. v. Towboat Co.*, 59 S. C. 549, 38 S. E. 156; *State v. Columbia Co.*, 112 S. C. 528, 100 S. E. 355. The first and second exceptions are therefore overruled.

We find it unnecessary to consider other exceptions than the eighth, ninth, tenth, eleventh, twelfth, and thirteenth.

The defendant gave notice of a motion to amend these exceptions by setting out in full therein the several requests to charge, the refusal of which forms the basis of these exceptions. The Court allows the amendments. The exceptions as amended will be reported.

These requests contain established principles of law pertinent to the issues in the case and sustained by the decisions of this Court. *Drawdy v. Railroad Co.*, 78 S. C. 374, 58 S. E. 980; *Cable Co. v. Railroad Co.*, 94 S. C. 143, 77 S. E. 868; *McLean v. Railroad Co.*, 81 S. C. 100, 61 S. E. 900, 1,071, 18 L. R. A. (N. S.) 763, 128 Am. St. Rep. 892; *McKeown v. Railroad Co.*, 98 S. C.

338, 82 S. E. 437; *Barber v. Railroad Co.,* 34 S. C., 444, 13 S. E. 630. Not having been covered by the general charge (which will be reported), their refusal was reversible error. They were intended to particularly emphasize the duty of a traveler approaching a crossing, the breach of which was relied upon as a defense.

The judgment of this Court is that judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.

MR. CHIEF JUSTICE GARY, MR. JUSTICES WATTS, FRASER and MARION and MR. JUSTICES WILSON, SHIPP, FRANK B. GARY, RICE, BOWMAN, PEURIFOY, McIVER, MAULDIN, and TOWNSEND, Circuit Judges, concur.

JUSTICE FRASER: I concur with MR. JUSTICE COTHRAN, but think the fourteenth and fifteenth exceptions should be sustained.

Ordinarily a plaintiff may state a number of specifications of negligence, and, if he succeeds in proving one of them he has made out his case. This is not the ordinary case. Here it is alleged that the cause of the injury was made up of four elements, to wit, excessive speed, obstacles to a view of the approaching train, failure to give the statutory signals, and a defective crossing. The complaint alleges that the existence of the four produced the injury. He alleged that, if the signals had been given, or the view unobstructed, he would not have gone on the track; that but for the excessive speed and defective crossing he would have crossed in time to have prevented the injury; that, in the absence of either one of the four, there would have been no accident. It is manifest, therefore, that the plaintiff must prove the presence of each of the four or fail. The engineer was responsible for the speed of the train and giving of the signals, and the jury, in finding for the engineer, has eliminated two elements of the four.

The appellant complains that his Honor refused to charge that the four must be found before there could be a verdict against it. The confusion arises from the inconsistent defenses. A defendant has the right to plead inconsistent defenses, and it availed itself of its privilege fully. When the defendant attempted to remove the case to the Federal Court, it claimed that the complaint contained separable causes of action. On this it, of course, failed as only one cause of action was alleged made up of four concurring specifications. On the trial of the cause it changed its position, as it had the right to do, and claimed that there was only one cause of action made up of the four elements, and asked the Judge to so charge.

It seems to me the appellant's present construction of the complaint is correct, and it was error to refuse the requests, and there should be a new trial.

MESSRS. DEVORE and BOWMAN, Circuit Judges, concur.

MR. McIVER, Circuit Judge: I also concur in so much of MR. JUSTICE FRASER's separate opinion as holds that, under the pleadings in this praticular case, plaintiff, in order to recover, must prove the presence of all four of his specifications of negligence. After setting out four specifications of negligence, all of which, he alleges in substance, concurred in causing his injury, and that in the absence of either one of the four, there would have been no accident, he must prove the existence of all, or fail.